## PIERRE BOURGET *vs.* CITY OF CAMBRIDGE.

Middlesex.    May 29, 1893. — June 21, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Personal Injuries — Defective Highway — Electric Wire — Liability of City.*

In an action against a city for personal injuries caused by a defect in a highway, the plaintiff's evidence showed that he was hurt by a discharge of electricity from a loose wire which he took hold of with the intention of removing it from the highway; that the wire was an acoustic wire used without electricity, but it touched an electric wire which had lost its insulation at the point of contact; that it had been hanging loose for three weeks in such a position that the wind might bring it against the electric wire; that at the time of the accident it was caught on a glass insulator so as to be kept in contact with the electric wire; that the want of insulation of the latter could be seen from the street; and that another accident from the same cause occurred a few minutes earlier. *Held,* that there was evidence for the jury that the defendant ought to have known of the defect.

In an action against a city for personal injuries occasioned to the plaintiff by a discharge of electricity from a loose wire which he took hold of with the intention of removing it from the highway, the defendant asked the judge to rule as follows: "From the fact that a small acoustic wire hangs down and on to the sidewalk there is no presumption that it is charged by electricity. There must be actual notice to the city that it is so charged, or the fact must have been so apparent that the city should have known it by the exercise of proper care and diligence in time to have prevented the accident." The judge declined so to rule, and instructed the jury as follows: "The fact that it [the wire] existed in such shape as it was would make no difference. It must be shown to be a defect in the street, and it must have existed long enough for the city to have known of it, or so long that it ought to have known of it by the exercise of due care. . . . It is

not claimed that any one knew it, as I understand, that that wire, as it hung there, was charged with electricity. The question is whether in the exercise of reasonable care the city ought to have known it; and on that you will take into consideration what they ought to have known about the condition of things before the wire became charged, as bearing on the question of how much care they should have exercised, how much they ought to have watched to notice the dangerous condition of things." *Held*, that the defendant had no ground of exception.

A city is liable for not abating a defect in a highway, although the defect was created by a third person.

HOLMES, J. This is an action of tort for personal injuries caused by a defect in a highway. It has been before this court once, 156 Mass. 391, and now comes here a second time on exceptions. The first question is whether there was any evidence for the jury that the defendant ought to have known of the defect. The plaintiff's evidence was as follows. The plaintiff was hurt by a discharge of electricity from a loose wire which he took hold of with the intention of removing it from the highway. The wire was an acoustic wire, used without electricity, but it touched an electric wire which had lost its insulation at the point of contact. It had been hanging loose for three weeks in such a position that the wind might bring it against the electric wire. At the time of the accident it was caught on a glass insulator, so as to be kept in contact with the electric wire. The want of insulation of the latter could be seen from the street. We presume that the jury might have found that it was caused gradually by friction, or they might have believed the suggestion of the defendant's expert that the insulation was burned off on some wet day by the contact of the other wire. The defect was shown to have existed before the moment of the accident, by proof of another accident from the same cause a few minutes earlier, and, as we have shown, the conditions of danger were permanent because the loose wire was caught.

The jury may have considered that the danger from the defect after it came into existence was very great; that to expert eyes, such as those of the defendant's inspectors of wires, the likelihood of the defect coming into existence would have been obvious at any time during the past three weeks; and therefore that the city ought to have known of the defect within a time after it came into existence so short that it fairly might be presumed

to have elapsed when the accident happened.    *Olson* v. *Worcester*, 142 Mass. 536.

The second instruction requested was given in substance.  The third was properly refused.  The only way in which the negligence of the Electric Light Company or of the Hews Pottery Company could have contributed to the accident was by creating or helping to create a defect in the highway.  The liability of the city is for not abating the defect, by whomsoever created.

*Exceptions overruled.**

*C. J. McIntire*, for the defendant.

*D. E. Ware & James Hewins*, for the plaintiff.

---

* The plaintiff was in the employ of the Hews Pottery Company, and the wire in question was attached to its building.

The second and third instructions requested were as follows :

" From the fact that a small acoustic wire hangs down and on to the sidewalk there is no presumption that it is charged by electricity.  There must either be actual notice to the city that it is so charged, or the fact must have been so apparent that the city should have known it by the exercise of proper care and diligence in time to have prevented the accident.

" If the negligence of the Electric Light Company or of the Hews Pottery Company, or of both, contributed to the accident, without which the plaintiff would not have been injured, he cannot recover."

Upon the subject matter of the second request, the judge instructed the jury, among other things, as follows:

" The fact that it [the wire] existed in such shape as it was would make no difference.  It must be shown to be a defect in the street, and it must have existed long enough for the city to have known of it, or so long that it ought to have known of it by the exercise of due care. . . . It is not claimed that any one knew it, as I understand, that that wire, as it hung there, was charged with electricity.  The question is whether in the exercise of reasonable care the city ought to have known it; and on that you will take into consideration what they ought to have known about the condition of things before the wire became charged, as bearing on the question of how much care they should have exercised, how much they ought to have watched to notice the dangerous condition of things."