## BROOKS v. ERIE FIRE INS. CO.

(Supreme Court, Appellate Division, Third Department. November 12, 1902.)

1. INSURANCE—CONDITION AS TO OWNERSHIP—WAIVER.
    The condition of a policy that the interest of insured be that of an unconditional and sole owner, and that he own the land in fee simple, is waived, the insurer's agent being informed that insured's interest is but that of a vendee in possession, though insured makes a false representation as to who holds the title; this being only a question of misrepresentation of a material fact.

2. SAME—INSURABLE INTEREST.
    Vendees in possession, with an equity to require a deed from the vendor, and their vendee, have an insurable interest.
        Chase, J., dissenting.

Appeal from trial term.

Action by George H. Brooks against the Erie Fire Insurance Company. From a judgment on a verdict for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before PARKER, P. J., and KELLOGG, SMITH, and CHASE, JJ.

Louis L. Babcock, for appellant.
T. E. Courtney, for respondent.

PARKER, P. J. The policy upon which this action is brought provides that if the interest of the insured be other than the unconditional and sole ownership, or if the subject of insurance be a building on ground not owned by the insured in fee simple, the entire policy shall be void. The defendant contends that, because of the breach of this condition, the plaintiff cannot recover. It is not contradicted that, at the time this policy was taken out, the interest of

¶ 2. See Insurance, vol. 28, Cent. Dig. § 150.

Brooks was not that of an unconditional and sole owner, and that he did not own the land on which the building stood in fee simple.  Concededly, his only interest therein was that of a vendee under a written contract for the purchase of the premises from Worden & Morris; and this fact, of itself, would defeat a recovery, but for the further fact, upon which the plaintiff relies, that such condition had been waived by the company.  It is not disputed but that Brooks, at the time he applied for insurance, told the defendant's agent who issued to him the policy that he held the premises as such a vendee.  There is some confusion in the evidence whether he told the agent he held the contract from Worden, or from Worden & Morris; but I think, from the whole conversation with the agent, as testified to by Brooks, we may assume that he informed him that he held as vendee from Worden & Morris.  The plaintiff claims that, being so informed as to his interest in the premises, the defendant, by issuing the policy in question, waived its right to insist upon the condition above referred to.  His authority for that claim is found in the following cases:  Robbins v. Insurance Co., 149 N. Y. 477, 44 N. E. 159; Carpenter v. Insurance Co., 135 N. Y. 298, 302, 31 N. E. 1015.  To this the defendant replies that the statement which Brooks then made to the agent was to the effect that Worden, or Worden & Morris, held the title to the premises, and hence it appeared to him that the entire ownership was held by them and by Brooks himself, whereas in fact neither Worden nor Morris at that time had the title, but, at most, had a contract from Mericle, who himself did not have the title; that therefore Brooks' statement as to the title or ownership of the premises was not true; that it was a misrepresentation which misled the defendant; and that therefore the issuance of the policy upon such information did not amount to a waiver of the condition above stated.  But although the defendant may have been misled as to the true ownership of the premises, it was not in the least misled as to whether Brooks was or was not the owner in fee of the land on which the building stood, or as to whether his interest in the premises was other than the unconditional and sole ownership.  It was distinctly informed that Brooks did not own the land in fee, and that his interest was but that of a vendee in possession.  If notwithstanding these facts, it saw fit to issue him the policy, clearly to now avoid it because of the existence of such facts would be to perpetrate a rank fraud upon the insured.  It cannot be supposed that the defendant intended to issue to Brooks a void policy, and therefore the law assumes that it intended to waive that condition when it issued the policy with full knowledge of those facts.  The defendant had full knowledge of all the facts which it now relies on to constitute a breach of the condition, and hence the waiver follows.  If any defense arises to the defendant by reason of false and misleading representations as to the real ownership of the property, it is not based upon a breach of the condition above referred to, but, rather, upon the rule that any misrepresentations of a fact material to the risk will avoid the policy.  I conclude, therefore, that the proposition upon which the appellant's counsel relied upon the argument for a reversal of this judgment is not well taken.

If the statement which Brooks made concerning the ownership of the premises may fairly be construed as a statement that Worden, or Worden & Brooks, held the title to the premises, and, if so construed, whether it was a misrepresentation of a material fact, was a question of fact for the jury. 16 Am. & Eng. Enc. Law (2d Ed.) 934. And had the defendant desired that distinct question to have been presented to the jury, it may be that the court would have so submitted it to them. No such request is found in the record, and no such defense is set up in the answer. It is not entirely clear that such question was presented to the jury, but, as it does not seem to have been an issue at the trial, no error can be predicated as to that.

The defendant further claims that, on the evidence, it does not appear that either Worden & Morris, or Brooks, had an insurable interest in the premises at the time the policy was issued, for the reason that it does appear that the title was then in Carter, and that he stood in no relation whatever to either of them. But it does appear that Carter had given a contract for the purchase of such premises to Mericle, who had built the buildings thereon. He had transferred to Worden & Morris all his interest therein, and they assumed his liability to Carter. Subsequently, and before the fire, they paid up Carter, and took a conveyance from him. At the time the policy was issued, they had an undoubted equity, as vendees in possession, to compel a deed from Carter, and hence they and their vendee, Brooks, then had an insurable interest in the premises. See Carpenter v. Insurance Co., 135 N. Y. 304, 305, 31 N. E. 1015.

I discover no reversible error in the record, and am therefore of the opinion that the judgment should be affirmed.

Judgment and order affirmed, with costs. All concur, except Chase, J., who dissents.