RANDALL v. SANDERS.

Opinion delivered November 14, 1903.

1. TRESPASS—PLEADING—DESCRIPTION OF CLOSE.—In trespass to real property the complaint is not insufficient for failure to contain a particular description of the close, there being no statute requiring such description. (Page 610.)

2. PLEADING—VERIFICATION.—Under Sand. & H. Dig., § 5776, an objection to the complaint that it was not verified cannot be taken after judgment. (Page 610.)

Appeal from Jefferson Circuit Court.

ANTONIO B. GRACE, Judge.

Affirmed.

*W. F. Coleman,* for appellant.

The description of the lands being uncertain, the measure of damages was unascertainable, and for this the judgment should be reversed. 12 Ark. 399; 41 Ark. 42; 58 Ark. 39; 66 Ark. 113; 68 Ark. 263. The complaint should have been verified. Sand. & H. Dig. §§ 5744, 5775, 5776.

BATTLE, J. G. L. Randall appealed from a judgment by default rendered by the Jefferson circuit court in an action against him by George W. Sanders, upon the following complaint (omitting caption):

"Comes the plaintiff, George W. Sanders, and for cause of complaint states that he is now and was on the 19th day of July, 1899, the owner and in actual possession of the following land and dwelling houses situated thereon, to-wit: The fractional east half of lot three in block thirty-nine, Tannehill & Owens' addition to the

city of Pine Bluff, Ark., commencing at a point one hundred feet from the northwest corner of said lot three, thence running south one hundred and fifty-four feet, thence northeast along with side of right of way of St. Louis Southwestern railroad to a point due east from the beginning, thence west to the point of beginning. The said dwelling house was worth one hundred and fifty dollars. That on said 29th day of July, 1899, said defendant wilfully and without the consent or knowledge of the plaintiff, but under some fictitious or pretended claim, entered upon said premises, and caused said dwelling house to be torn down, cut and destroyed the lumber to said house, thereby rendering it entirely worthless. That said defendant committed the further trespass upon said premises by cutting and destroying the fence enclosing the same, and destroying all of the fruit trees growing and belonging to said plaintiff upon said premises. Plaintiff states that said defendant tore down and destroyed said house while he was away at work, leaving his household furniture and all of his clothes and provisions exposed to the weather and otherwise damaging the same. Plaintiff further states that defendant, by his wrongful tearing down and destroying said house and fruit trees and fence enclosing said premises, and leaving his furniture and other household goods out in the weather as aforesaid, has damaged him in the sum of five hundred dollars. Wherefore he prays judgment," etc.

Appellant says the complaint was insufficient to sustain the judgment because the description of the land upon which the trespass was committed is too vague and uncertain. The sufficiency of the description may depend upon the size and shape of the lot and the location of the railroad upon it. But this is not an action for the recovery of land, but for damages caused by trespass. It would be better pleading to give a particular description of the close on which the trespasses were committed, but, there being no statute requiring such description, it may be omitted. The complaint is sufficient without it. *Swerdferger* v. *Hopkins,* 67 Vt. 136; *Whitaker* v. *Forbes,* 68 Ark. 228; *Larkin* v. *Taylor,* 5 Kan. 434; *Sullivan* v. *Clements,* 1 Col. 261; *Metzger* v. *Post,* 44 N. J. L. 74; *Osgood* v. *Green,* 30 N. H. 215.

The complaint in question, if true, shows that the appellee had a cause of action. The appellant, by his failure to plead, admitted it to be true. It is sufficient to sustain the judgment by default. *Hallock* v. *Jaudin,* 34 Cal. 167, 174.

The complaint was not verified. But the statute provides that

"no objection shall be taken after judgment to any pleading for the want, or defect in, the verification." Sand. & H. Dig. § 5776.

Judgment affirmed.