QUEEN OF ARKANSAS INSURANCE COMPANY *v.* TAYLOR.

Opinion delivered June 19, 1911.

1.  INSURANCE—SOLE OWNERSHIP OF PROPERTY—HOMESTEAD ENTRY.— Though a policy of fire insurance upon a building stipulated that insured was sole owner of the fee in the land upon which the building was situated, yet where insured notified the insurer's agent that he claimed title to the premises as a homestead, and the agent wrote in the application that his claim of title was a "homestead entry," this was sufficient to put the insurer upon notice of the fact that insured was holding under a homestead entry which had not yet been proved up. (Page 15.)

2. SAME—INSURABLE INTEREST—HOMESTEAD ENTRY.—A homestead entry man, having the right to hold the premises insured against every one but the Government, and with the right to have title from the Government upon complying with the homestead law, has an insurable interest therein. (Page 16.)

3. SAME—JOINDER OF ACTIONS AGAINST INSURER AND SURETIES.—An action against a fire insurance company and one against the sureties on its bond may be joined upon its failure to pay a fire loss. (Page 16.)

4. APPEAL AND ERROR—OBJECTION NOT RAISED BELOW.—Objection that the complaint was not signed by counsel nor verified cannot be raised upon appeal for the first time. (Page 16.)

5. CONTINUANCE—NECESSITY OF MOTION.—Appellant cannot on appeal insist that it was entitled to a continuance if it filed no motion in the lower court, setting up the grounds therefor. (Page 16.)

6. INSURANCE—MISSTATEMENT IN PROOF OF LOSS.—Statements made by the insured in his proof of loss relative to his ownership of the insured premises are not grounds of forfeiture if not intentionally false and not misleading when considered in view of his application. (Page 16.)

7. SAME—PENALTY AND ATTORNEY'S FEE.—Where a fire insurance company failed to pay the loss within 90 days after proof of loss was furnished. and demand was made therefor, the statutory penalty of 12 per cent. and a reasonable attorney's fee was properly charged against the company. (Page 16.)

Appeal from Ashley Circuit Court; *Henry W. Wells*, Judge; affirmed.

### STATEMENT BY THE COURT.

The plaintiff brought an action against the insurance company and the sureties on its bond upon a policy of insurance issued upon his dwelling house in the sum of seven hundred dollars, and its contents in the sum of one hundred dollars, claiming a total destruction of the house and sixty-four dollars, value of the contents, and asked judgment for seven hundred and sixty-four dollars, with interest from the twenty-seventh day of August, and a penalty of twelve per cent. with reasonable attorneys' fee to be taxed against the defendant. The company admitted the execution of the bonds, with the other defendants as sureties thereon, the issuance of the policy, the destruction of the premises by fire and the sixty-four dollars' worth of contents, but denied liability, because of alleged false warranties made by plaintiff as to his ownership of the property at the time of and in his application for insurance, and because of false statements made as to such ownership and value after the loss occurred.

The defendants Files and Kimball filed separate answers, admitting they were sureties on the bonds, and sought to escape liability upon the same ground as alleged by the company. They also moved the court to require the plaintiff to elect upon which of the two bonds executed by the company and themselves he would rely for recovery. The company moved the court for an order requiring plaintiff to file his muniments of title, and also a motion to make the complaint more specific.

Plaintiff filed an amendment to his complaint, describing the subdivision of land upon which the house was situated and exhibiting a copy of the receipt of the receiver of the United States Land Office at Camden showing the payment of fees for homestead entry, and alleged that at the time he made application for insurance he informed the agent of the company of the character and nature of his title, and that said agent was the one who took the application, collected the premium and delivered the policy, and that he inserted in the application the nature of the title claimed by plaintiff, which application he alleged was in the possession of the company, and they with full knowledge thereof issued the policy, and waived the conditions and right to insist upon a forfeiture because thereof. He further alleged liability of defendants on either or both bonds. Some other motions and demurrers were filed, upon which the court took no action.

The testimony tended to show that Newsom Taylor, the plaintiff's brother, first homesteaded the lands and erected the improvements thereon, worth about $1,200; that afterwards he sold and had cancelled his right to the homestead, and that the plaintiff made his application to enter the lands upon which the improvements were situated on February 5, 1909, paying the fee therefor and receiving the regular receiver's receipt; that afterwards he applied to W. H. Lindsey, agent of the insurance company at Hamburg, for a policy of insurance, at the time asking him if he could get a policy upon property situated upon lands, the title to which had not yet been proved up. Being told by the agent that he thought so, he made application for insurance; the application was written out at the time by said company's agent, he and his brother together answering the questions as asked, and both of them claiming that they told the agent that his title was a homestead entry,

and that he exhibited his receipts from the receiver of the land office to the agent at that time, and the agent said he would put it down in the application "homestead entry." The agent does not remember the receipt having been shown him, but said, "My recollection is that he gave the title as a 'homestead entry.' I would have to refer to the application as to that." In reply to the question if he was not informed that it was a homestead entry, upon which plaintiff had not lived for the time required in order to prove up and get a patent, said, "My understanding was that he had not made proof of the land, but I think his object was to claim the house. I don't see what other construction he could have put on it."

"Q. Was your information, which you gathered from Newsom and Surcie at the time, that they had clear title to the homestead entry, or that Surcie would have to prove up in the future? A. No; I had no information to that effect. My understanding was that it had passed from Newsom to Surcie in some way. Newsom spoke of building the house, and it was turned over to Surcie in some way. Q. When you wrote 'homestead entry' on the application, did you understand, and did you mean by this, that the land was Surcie Taylor's free and clear, or that the United States had not yet made him a clear title to it? A. I was unsettled as to that, because when we used the words 'homestead entry' I paid no attention to the answer except to write it down. I cannot be clear as to how it was, only that it had been transferred from Newsom to Surcie. I understood that Surcie had purchased it from Newsom. Q. What do you understand from the answer 'homestead entry'? A. I understand that where a man is on a place, and that the time had not expired for making proof; I cannot understand it any other way; that is the only way I understand 'homestead entry.'"

This application showing "homestead entry" as plaintiff's claim of title was forwarded to the company's home office, and the policy sued on issued and returned through its said agent, Lindsey, and delivered to plaintiff, who paid Lindsey at the time twelve dollars, and gave his note for the balance of the premium, and afterwards paid it to Lindsey, and took up his note.

It is not disputed that the title was described in the

application as "homestead entry", although the adjuster testified that he never did know what this meant until it was explained to him by W. H. Lindsey; that he could have ascertained what it meant by making inquiry, and that he was not in fact aware that the insured was not the owner of the land on which the house was situated until he called on him after the fire.

Kimball testified that he was secretary of the company, and that the policy was issued to the plaintiff based on the application which was in its custody and attached to his testimony; that he examined statements in it before issuing the policy, and would not have issued it if he had understood the facts in regard to the ownership of the title of the property at the time as he now understands them; that it was not the policy of the company to take risks and issue policies covering property where the applicant is not the owner of the property to be insured; that he did not learn the insured was not the owner until the adjuster called on him after the fire.

Plaintiff made his proof of loss in time, and stated: "Yes, I said the building was on my land. * * * * * I did not know what other statement to make except that I owned the property without any exceptions. I had told Dr. Lindsey how I owned it, and told him to write it down, and he did put it in the application, and I showed the receipt to Dr. Lindsey, and thought by the company accepting it that it was all right."

The receiver's receipt from the United States Land Office was introduced in testimony. The policy contained the following clauses:

"This entire policy shall be void if the insured has concealed or misrepresented in writing or otherwise any material fact or circumstance or the subject thereof, or if the interest of the insured in the property be not truly stated herein, or in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss * * * or if the interest of the insured be other than unconditional and sole ownership, or if the subject of insurance be a building on ground not owned by the insured in fee simple; * * * if an application of survey, plan or description of property be referred to in this policy, it shall be a part of this contract and a warranty by the insured. * * *

This policy is made and accepted subject to the foregoing stipulations and conditions."

The court instructed the jury, and a verdict for the plaintiff was returned in the sum claimed, with six per cent. interest from November 27, 1909, ninety days from the receipt of proof of loss by the company, and on motion rendered judgment against the company, and A. W. Files and G. H. Kimball, sureties on the bond, the other surety sued not having been served with process, and assessed a penalty of twelve per cent. on the amount recovered and an attorney's fee of one hundred dollars, under the act of March 29, 1905. From this judgment defendants appealed.

*A. W. Files*, for appellant.

1.   False statements, made either before or after the loss, vitiate the policy. Cooley on Ins. 342; 72 N. W. 627; 6 Bush (Ky.) 146; 70 N. Y. 494; 67 N. E. 1082; 13 Ky. L. Rep. 207; 68 Minn. 335; 81 S. W. 227; 106 Mo. App. 476; 56 S. W. 828; 104 Tenn. 93; 82 Me. 226; 17 Am. St. Rep. 482; 28 Gratt. (Va.) 508, 524; 26 Am. St. Rep. 373; Ostrander on Insurance, pp. 443-449.

2.   An agent cannot waive false statements.

3.   The complaint was not signed nor verified. Kirby's Dig. § 6120, 6191.

4.   It was error to allow the interest and attorney's fee. The judgment is usurious. Const. 1874, art. 7, § 23. The act of March 6, 1891 and § 4376, Kirby's Dig., are repealed by the act of 1905.

5.   The jury failed to find a verdict against the bondsmen, and it was error to render judgment against them.

*George & Butler*, for appellee.

1.   The agent knew the character of title of plaintiff. The company is bound by the knowledge and waiver of its duly authorized agent. 81 Ark. 510; 72 *Id.* 242; 52 *Id.* 11; 13 Cyc. 808 and note; 19 *Id.* 783 and 814; 76 Ark. 180; 88 *Id.* 507.

2.   The sureties were properly joined, and are liable. 91 Ark. 43; Kirby's Dig. § 4376.

3.   The misstatement was not material. No intention is shown to defraud. 19 Cyc. 855-6; 75 Ark. 251.

4. Appellants failed to move to have the complaint verified. No motion for continuance appears in the record.

KIRBY, J., (after stating the facts). It is contended, first, that appellee was not the sole owner of the property insured and not the owner of the fee of the land upon which the house was situated at the time of its issuance, and, having represented himself to be, that the policy was void by its terms, and the appellants not liable thereon.

It is true the policy did contain these provisions, but the agent of the company took appellee's application for insurance, being informed at the time that he claimed title to the premises as a homestead entry, and understanding therefrom that the house was situated upon land that had been entered as a homestead and had not been proved up and a patent issued. The agent wrote in the application that the insured's claim of title was a "homestead · entry," and upon this application, sent to the home office, the policy was issued; and, having authority to receive and forward applications for insurance, this information given the agent at the time of making the application was notice to and binding upon his company. *Capital Fire Ins. Co.* v. *Montgomery*, 81 Ark. 510.

Without regard to the agent's understanding of the facts relative to the title, with notice of which it is charged, the company had the application showing the insured's claim of title was a "homestead entry", and was thereby put upon inquiry and charged with notice of the actual facts relating to the title, which would easily have been developed upon such inquiry made.

Having issued the policy with notice that the insured was but a homestead entryman and had not yet proved up and obtained a patent from the Government to the land, it is estopped from claiming a forfeiture and avoiding the liability incurred under the policy, because the insured was not the owner of the fee of the land whereon the building was situate, when it was issued. *King* v. *Cox*, 63 Ark. 204, 37 S. W. 877; *Insurance Co.* v. *Brodie*, 52 Ark. 11; 2 Clement, Fire Ins., 170; *Brooks* v. *Erie Ins. Co.*, 78 N. Y. Supp. 748, 177 N. Y. 572, 69 N. E. 1120; *Cross* v. *Nat. Ins. Co.* 132 N. Y. 133, 31 N. E. 390; *Broadhead* v. *Lycoming Ins. Co.*, 14 Hun 452; *O'Brien* v. *Greenwich Ins. Co.*, 95 Mo. App. 301, 68 S. W. 976; *Pope* v. *Glenn Falls Ins.*

*Co.,* 130 Ala. 356, 30 So. 496; *Am. Ins. Co.* v. *Donlin,* 16 Col. App. 416, 66 Pac. Rep. 249; *Home Ins. Co.* v. *Mendenhall,* 164 Ill. 458, 45 N. E. 1078; *Allen* v. *Home Ins. Co.,* 133 Cal. 29, 65 Pac. 138; *Strause* v. *Palatine Ins. Co.,* 128 N. C. 64, 38 S. E. 256.

It is not questioned that the insured had an insurable interest in the property destroyed, and the facts show that he had purchased it and was in possession, with the right to claim it against every one but the Government, and with the right to have the title from the Government upon complying with the requirements of the homestead law, and we hold that he did have an insurable interest. Kirby's Digest, § § 2738, 2739; 19 Cyc. 584.

The sureties were properly joined in the action against the company upon its failure to pay after the loss occurred. Kirby's Dig. § 4376; *American Ins. Co.* v. *Haynie,* 91 Ark. 43; *Crawford* v. *Ozark Ins. Co.,* 97 Ark. 549.

It is too late for appellants to complain here that the complaint in the action was not signed by counsel nor verified, after having, without objection thereto on that account, filed an answer and gone to trial in the case. It should by proper motion have had the complaint stricken out or signed by counsel and verified.

Neither is there anything in the contention that they were entitled to a continuance and forced into a trial of the cause when they were not ready, since they filed no motion for a continuance, setting up grounds therefor, as the law requires.

The statements made by the insured, after the fire occurred, in proof of loss relative to his ownership must be regarded as having been made in the light of the facts relating thereto as already communicated to the agent and the company, and, if not in fact true, were not intentionally false, nor false at all under the circumstances, and no forfeiture was incurred on account thereof. *German-American Ins. Co.* v. *Brown,* 75 Ark. 251; 19 Cyc. 855.

The insured was entitled to interest from ninety days after the proof of loss was received by the company, under the terms of the policy, and, the loss not having been paid within the time specified after demand made therefor, to the penalty provided by law, as well as a reasonable attorney's fee to be

taxed by the court.   *Ark. Ins. Co. v. McManus*, 86 Ark. 115; *Pac. Mutual Life Ins. Co. v. Carter*, 92 Ark. 378.

We find no error in the instructions given, and no prejudicial error in the record of this cause, and the judgment will be affirmed.