## CHICAGO CRAYON COMPANY *v.* CHOATE.

### Opinion delivered March 11, 1912.

1. TRIAL—DIRECTING VERDICT—FAILURE TO OBJECT.—The effect of directing a verdict for the defendant, with no objection made or exception saved thereto, is the same as if the court had given correct instructions on every phase of the case and thereupon the jury had returned a verdict in favor of the party for whom it was directed. (Page 605 )

2. SAME—RIGHT TO MOVE TO SET ASIDE VERDICT.—Though defendant failed to object to an order directing a verdict for plaintiff, he may move for a new trial upon the ground that the verdict is not sustained by any legal evidence. (Page 606.)

3. ACCOUNT—PRESUMPTION IN FAVOR OF.—An account, duly sworn to by the plaintiff and not denied by the defendant under oath, either by affidavit by verification of his answer, nor denied by the testimony of any witness, is conclusively presumed to be correct. (Page 606.)

Appeal from Pulaski Circuit Court, Second Division; *F. Guy Fulk*, Judge; reversed.

*J. P. Kerby* and *W. C. Adamson*, for appellant.

The court erred in giving a peremptory instruction to the jury to find for the defendants. Where there is any evidence tending to establish an issue, it is error to take the case from the jury. 63 Ark. 94; 77 Ark. 556.

*Carmichael, Brooks & Powers*, for appellees.

The appeal should be dismissed because no exceptions were saved in the trial court to errors complained of. 41 Ark. 535;

44 Ark. 103; 50 Ark. 348; 51 Ark. 324; *Id.* 140; 52 Ark. 180; 55 Ark. 547; 59 Ark. 115; 61 Ark. 515; 62 Ark. 262; *Id.* 543; 70 Ark. 197.

FRAUENTHAL, J. This is an action brought by the Chicago Crayon Company to recover a balance alleged to be due upon an account. The plaintiff is a corporation, domiciled in the State of Illinois, and is engaged in the business of enlarging portraits and selling frames. The defendant, J. J. Choate, was employed by it to deliver the portraits and frames to purchasers, and to collect for the same. The suit was commenced before a justice of the peace by filing a complaint in which it was alleged that said defendant had entered into a written contract with plaintiff, under the terms of which he agreed to deliver said portraits and frames and collect for same, and to receive as his compensation therefor the difference between the invoice prices of the frames and the amount for which they were sold, and to make remittances to the company for collections so made, and account for all portraits and frames received; that the defendant had also executed to plaintiff a bond, with the defendant J. L. Choate as surety thereon, whereby they obligated themselves to pay all moneys not remitted and for all goods not accounted for at said invoice prices. It was further alleged that the defendant had become indebted to the plaintiff in the sum of $185.31 upon an account for goods sold and delivered to him in pursuance of said contract. An itemized statement of this account was attached to the complaint and filed with the suit. The complaint was duly verified, and the affidavit of the plaintiff was attached to the account, stating that it was just and correct.

The defendants filed separate answers, in which they denied that they were indebted to the plaintiff in any sum, but alleged that plaintiff had employed said defendant to work for it, and was indebted to him in the sum of $283.30, for which they asked judgment. Neither of these answers was verified, nor was there any affidavit or oath made by either of the defendants denying the correctness of the account of plaintiff, either in whole or in part.

The case was taken by appeal to the circuit court. Upon the trial in that court, the plaintiff offered in evidence the testimony of three witnesses, taken by deposition. Upon

motion of defendants, one of these depositions was suppressed, and it does not appear that any objection was made or exception saved to this ruling of the court. The other depositions were of the plaintiff's bookkeeper and auditor, and they were admitted in evidence. They testified to the correctness of the account, which was attached to the complaint, as shown by plaintiff's books, and this verified account was presented in evidence; but they also stated that they knew nothing of their own personal knowledge as to whether or not the items of the account had been shipped to the defendant, or as to the payments made by him thereon. Other testimony was adduced by plaintiff proving the execution of the written contract and bond referred to in the complaint.

This was in substance the case which was presented by the plaintiff; and when the introduction of this testimony was concluded, the court, upon motion of defendants, directed the jury to return a verdict in their favor, which was done. It does not appear that any objection was made or exception saved to this ruling of the court directing the verdict in defendant's favor.

It is urged by counsel for defendants that no alleged error committed in the trial of this case is subject to review upon appeal, because no objection was made, and no exception saved, to any ruling made by the trial court. But plaintiff, in its motion for a new trial, has assigned as one of the grounds why the judgment should be reversed that the verdict was contrary to the evidence adduced upon the trial.

The action of the court in directing the verdict was in effect to take the case from the jury and declare that under the law the plaintiff had not adduced sufficient evidence to sustain its cause of action; in other words, that, under the instructions which it would give to the jury, the defendants were entitled to a verdict. Inasmuch as the plaintiff did not make any objection or save any exception to this ruling, we must indulge the presumption that any instruction which the court would have given and the declaration of law which it did make were correct. Therefore, if there was any testimony adduced upon the trial of this case which would support the verdict rendered, under any view of the law as applicable to this case, then the verdict must be sustained. The effect of giving a directed ver-

dict, with no objection made or exception saved thereto, is the same as if the court has given proper and correct instructions on every phase of the case, and thereupon the jury has returned a verdict in favor of the party for whom it is directed. If there is any evidence to sustain the verdict under any view of the law applicable to the case, then it should not be disturbed. If, however, the verdict thus returned is not sustained by any legal evidence, or is contrary to the uncontroverted evidence, then the plaintiff has still the right to ask that it be set aside for that reason; and in the case at bar this has been done in the motion for a new trial.

This suit is founded upon an account. It is true that the plaintiff alleged that the defendant and it had entered into a written contract under the terms of which the items of the account were furnished to the defendant. But, under whatever kind of contract, whether in parol or writing, the items of the account are claimed to have been furnished, the suit brought is for the recovery of this account. The action is therefore one based upon an account. If the account is properly controverted, then the burden rests with the plaintiff to prove by evidence the correctness of each item of the account.

By section 3151 of Kirby's Digest, it is provided: "In suits upon accounts, the affidavit of the plaintiff, duly taken and certified according to law, that such account is just and correct shall be sufficient to establish the same unless the defendant shall under oath deny the correctness of the account, either in whole or in part; in which case the plaintiff shall be held to prove such part of his account as is thus denied by other evidence." The effect of this statute is to make such verified account, when undenied, *prima facie* proof of its correctness. In event the defendant does not under oath deny the correctness of the verified account which is made the basis of the suit, then it is not incumbent upon the plaintiff to introduce other evidence of its correctness; and such an account, thus verified, is proof itself of its correctness. Such verified account, however, is only *prima facie* evidence of its correctness. It may be denied by defendant by an affidavit filed in the case, or by a verified answer. Its correctness may also be denied by the defendant under oath, when he testifies as a witness in the case. When such denial of the correctness of the account is made by

the defendant under oath in either of these ways, then the burden rests with the plaintiff to prove by other evidence the correctness of the account thus denied. *Boone* v. *Goodlett,* 71 Ark. 577; *St. Louis, I. M. & S. Ry. Co.* v. *Smith,* 82 Ark. 105. But the verified account upon which the action is founded constitutes evidence of the correctness thereof, and continues as such evidence thereof until denied under oath; and if it is not denied under oath in any of the ways above mentioned, then it becomes conclusive proof of its correctness.

This suit is based upon an account which was duly verified by the affidavit of the plaintiff. Defendant did not deny the correctness of this account under oath, either by affidavit or by verification of his answer. He did not himself testify, nor did he introduce any witness in the case. The correctness of the account was not denied under oath, either by the defendant or any other person. We have examined the testimony of the witnesses who were introduced by the plaintiff, and we find nothing therein impeaching the correctness of this verified account. The account of the plaintiff, duly verified by it by affidavit, was, by virtue of the above statute, evidence of its correctness, and it did not devolve upon plaintiff to introduce any other evidence until it was denied under oath by the defendant or by the testimony of some witness. When that was not done, it became conclusive evidence of its correctness. The verdict which was rendered was therefore, under any view of the law applicable to this case, contrary to the uncontroverted evidence which was adduced upon the trial thereof.

The judgment is accordingly reversed, and the cause remanded for new trial.