CLARKE v. JOHN WANAMAKER.

Opinion delivered July 6, 1931.

*Oscar E. Ellis,* for appellant.

*I. J. Friedman* and *Northcutt & Northcutt,* for appellee.

HART, C. J. This is an appeal from a judgment by default for the plaintiff in a suit on an account for merchandise in the sum of $4,507.14. An itemized account was duly filed as an exhibit to the complaint, and this was verified by an agent of the corporation.

It is first insisted that the judgment should be reversed because it was by default, and the complaint was not verified. The suit was based upon an account for merchandise which was exhibited with the complaint and duly verified by the affidavit of the plaintiff. If the defendant desired that the complaint also be verified, it should have made a motion to that effect, instead of demurring to the complaint, and, upon the court overruling the demurrer, refused to plead further. Like any other action, the defendant waived its right to have the complaint itself verified by not making a motion to that effect. *Payne* v. *Flournoy,* 29 Ark. 509; *Randall* v. *Sanders,* 71 Ark. 609, 77 S. W. 56, and *Queen of Arkansas Insurance Co.* v. *Taylor,* 100 Ark. 9, 138 S. W. 990.

It is next insisted that the affidavit to the account was not verified as required by § 4200 of Crawford & Moses' Digest. The agent of the plaintiff corporation who verified the account stated on oath that he was the duly authorized agent of the plaintiff and certified that the account against the defendant, Emma Peters Clarke, in the sum of $3,677.46, principal, and interest to October 1, 1930, in the sum of $829.68, being in the aggregate $4,567.14, was correct and past due after allowing all proper credits and offsets. The affidavit was duly certified and sworn to before a notary public. The effect of § 4200 of Crawford & Moses' Digest is to make a verified account, when undenied, *prima facie* proof of its correctness. The defendant did not deny the correctness of the account by affidavit or by verified answer. She did not offer any testmony whatever, but contented herself with demurring to the complaint. By virtue of the stat-

ute above quoted, the account verified by the affidavit of the agent of the plaintiff was evidence of its correctness, and, not having been attempted to be contradicted by the defendant, warranted a judgment in favor of the plaintiff. *Chicago Crayon Co.* v. *Choate,* 102 Ark. 603, 145 S. W. 197.

The judgment will therefore be affirmed.