ELIZABETH D. REIDY *vs.* NEW ENGLAND TELEPHONE AND TELEGRAPH COMPANY.

GEORGE B. REIDY *vs.* SAME.

JOSEPHINE C. REIDY *vs.* SAME.

Hampshire.    September 18, 1934. — September 24, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Negligence,* Of telephone company, In use of way, Res ipsa loquitur.

At the trial of an action of tort against a telephone company for damage sustained when an automobile on the afternoon of a legal holiday collided with telephone wires lying in a public way, there was evidence that a pole to which the wires were attached had been struck and broken by another automobile three hours before the collision in which the plaintiff sustained damage. A repair man, called to testify

for the defendant, stated in substance that on the day of the collision he knew nothing of the falling of the pole and that no one employed by the defendant would know of it unless some operator happened to use the wires. It appeared that the pole was in a remote neighborhood adjacent to a town having a small number of inhabitants. There was no evidence of any defect in the pole, or of any notice to the defendant of the fall of the pole, or of the time when any employee of the defendant discovered trouble in the wires, or as to the amount of telephoning over the wires on a holiday. A verdict for the defendant was ordered. *Held*, that

(1) There was no evidence to warrant a finding of negligence on the part of the defendant;

(2) There was no ground for inference that any operator of the defendant would naturally have learned of the fallen pole in the space of three hours and would have been able to report it in time for its removal before the collision in which the plaintiff sustained damage;

(3) The doctrine, *res ipsa loquitur*, was not applicable;

(4) The verdict properly was ordered for the defendant.

THREE ACTIONS OF TORT. Writs dated January 7, 1927.

In the Superior Court, the actions were tried together before *T. J. Hammond,* J. Verdicts for the plaintiffs were recorded, subject to leave reserved, in the sums of $350, $123, and $2,500, respectively. Thereafter the judge ordered verdicts for the defendant to be entered.

A "plaintiffs' substituted bill of exceptions" was allowed. Nowhere therein was there stated an exception saved by the plaintiffs. The closing paragraph read as follows: "At the close of the evidence, the defendant filed motions for directed verdicts in each of the three cases. The cases were submitted to the jury and in each case a verdict was returned for the plaintiff. Later, under leave reserved in each case, a verdict was ordered for the defendant. If these orders under the leave reserved were correct, then judgment is to be entered for the defendant in each case. If these orders directing the verdict under the leave reserved were in error, then in each case judgment is to be entered on the verdict of the jury."

The case was submitted on briefs.

*G. F. Leary & G. D. Cummings,* for the plaintiffs.

*J. N. Clark,* for the defendant.

RUGG, C.J. The plaintiffs seek to recover compensation for personal injuries and property damages received

while travelling on a highway. Undisputed evidence introduced by the plaintiffs was to the effect that at about one o'clock on the afternoon of Columbus Day, 1926, the automobile in which they were riding collided with wires attached to a pole of the defendant which was lying in and not quite half way across the road; that the wires were not perceived by the driver of the automobile until too late to avoid contact with them; that about ten o'clock in the forenoon of the same day another automobile, being crowded off the road by an automobile going in the opposite direction, hit the telephone pole, broke it near the bottom, and it tipped about half way over and was about three feet from touching the road; that wires went from the top of this pole to other poles; and that the place of these occurrences was on the Enfield road about four miles from Ware.

The repair man of the defendant, called as a witness by it, testified that he lived in Palmer about fourteen miles from the place in question. He was not at work on October 12, 1926, because it was a holiday. When he went to work on the next morning, he received notice that there was trouble on the Enfield trunk lines, that they were noisy, and he went to the pole. He described the condition of the wires. He testified that the pole carried four trunk lines and one local line; that from the local line wires ran across the road to a house where there was no telephone service at the time; that these wires were broken off at the pole and no trouble existed or was reported on that line; that none of the Ware-Enfield circuits was broken but two of them had become "side crossed" with the result that they were made noisy, and that the company would not know of any trouble with the wires in these circumstances unless an operator happened to use the lines, and that all calls between Ware and Enfield went over the lines on this pole; that the defendant had at Springfield a delicate piece of measuring machinery whereby, after trouble was reported, its general location might be determined; that on the holiday while he was away no one was in charge of repairs, and that, in case of reported trouble, the operators

would try to get in communication with the local wire chief who for this territory was in Palmer. There was testimony that the pole in question was located five feet, six inches from the edge of the travelled way. There was no evidence of any defect in the pole, or of any notice to the defendant of the fall of the pole or the time when any operator, servant or agent of the defendant discovered trouble on the line. There is no suggestion that the pole was not lawfully located.

Succinctly stated, the question is whether the defendant can be found negligent for failing for a period of about three hours on a holiday on a somewhat remote country road to discover and remove or guard a pole caused to be broken and to fall partly on a highway by the negligent operation of an automobile by some traveller.

There was in our opinion no evidence to warrant a finding of negligence on the part of the defendant. *Falk* v. *Finkelman*, 268 Mass. 524, 527. There was no evidence as to the amount of telephoning over the wires on this pole on a holiday. The neighborhood was remote. Enfield is a town with a very small number of inhabitants. There is no ground for inference that any operator of the defendant would naturally have learned of the fallen pole through noise on the wires or otherwise in the space of about three hours and have been able to report it in time for its removal in all the circumstances here disclosed.

The cases at bar are distinguishable from cases like *Thomas* v. *Western Union Telegraph Co.* 100 Mass. 156; *Bourget* v. *Cambridge*, 159 Mass. 388, and *Jordan* v. *Adams Gas Light Co.* 231 Mass. 186, where the doctrine of *res ipsa loquitur* is applicable, or where a defendant has control of electricity or other dangerous instrumentality.

The plaintiffs rightly do not invoke special liability under G. L. (Ter. Ed.) c. 166, § 42. *Vigeant* v. *Postal Telegraph Cable Co.* 260 Mass. 335. The direction of verdicts for the defendant was right.

It is doubtful whether the record shows the taking of any exceptions. But a "substitute bill of exceptions" was allowed by the trial judge. The bill as printed has some

of the aspects of a report in that it provides expressly for the final disposition of the case in any event. Without intending that this be regarded as a precedent, we treat the cases as they have been treated by the parties, as pending on exceptions.

*Exceptions overruled.*