TERRY v. ESSO STANDARD OIL COMPANY.

4-9799                                          249 S. W. 2d 577

Opinion delivered June 2, 1952.

Rehearing denied June 30, 1952.

*J. B. Milham,* for appellant.

*Eugene L. Rolleigh* and *Moore, Burrow, Chowning & Mitchell,* for appellee.

Holt, J. Appellee, Esso Standard Oil Co., sued appellant, A. O. Terry, on a verified open account on July 31, 1951, for merchandise sold and delivered to appellant in October and November, 1949, in the amount of $433.96. Service of summons was had on appellant on July 31, 1951. August 24, 1951, appellant filed demurrer, alleging that the complaint did not state a cause of action. September 24, 1951, before the court had acted on the demurrer, appellant filed unverified answer containing a general denial and the further allegation that "if defendant (appellant) ever owed the plaintiff (appellee) money or debt, that plaintiff took possession of 820 gallons of gasoline of the value of $200 and other property which would be, and should be a credit on said claim of plaintiff herein filed; that said property was taken by plaintiff some time in 1951, the exact date defendant does not have, which property was converted to plaintiff's own use."

The case was set for trial on October 3, 1951. Appellant failed to appear and judgment by default was entered for appellee for the amount claimed. The judgment was correct.

The record reflects that appellant offered no reason or excuse whatever for his failure to appear for the trial. Section 28-202, Ark. Stats. 1947, provides: "Affidavit as to correctness of account—Sufficiency.—All accounts upon which suits may be brought in any of the courts of this State, the affidavit of the plaintiff, duly taken and certified according to law, that such account is just and correct, shall be sufficient to establish the same, unless

the defendant shall, under oath, deny the correctness of the account, either in whole or in part; in which case, the plaintiff shall be held to prove such part of his account as is thus denied, by other evidence. [Act March 5, 1867, No. 102, § 1, p. 210; C. & M. Dig., § 4200; Pope's Dig., § 5211.]"

On facts similar, in effect, to those presented here, on the effect to be given § 28-202, above, in *Clarke* v. *John Wanamaker*, 184 Ark. 73, 40 S. W. 2d 784, we said: "The effect of § 4200 of Crawford & Moses' Digest [now § 28-202, Ark. Stats.] is to make a verified account, when undenied, *prima facie* proof of its correctness. The defendant did not deny the correctness of the account by affidavit or by verified answer. * * * By virtue of the statute above quoted, the account verified by the affidavit of the agent of the plaintiff was evidence of its correctness, and, not having been attempted to be contradicted by the defendant, warranted a judgment in favor of the plaintiff. *Chicago Crayon Co.* v. *Choate*, 102 Ark. 603, 145 S. W. 197.

"The judgment will therefore be affirmed."

Appellant contends, however, that the judgment should be reversed for the reason "that the complaint was defective because it failed to state whether or not the Esso Standard Oil Co. was a corporation, or if it is a partnership, it should so allege, or if it was a trade name that should have been alleged and the real person named as plaintiff, if a partnership then all the partners should have joined in, * * * further defective because it fails to allege when the transaction was entered into or what State."

The complaint stated a cause of action. It appears undisputed that appellant made no specific denial that appellee was a corporation, partnership, firm or individual. He therefore waived any question of appellee's capacity to sue as "Esso Standard Oil Co." and in effect admitted such capacity. Our Code of Pleadings, § 27-1121, Ark. Stats. 1947, provides: "Answer—Form and

contents.—The answer shall contain: * * * provided that any allegation of the complaint or other pleading setting out the status of any party or parties as a corporation, partnership, firm or individual shall be taken as admitted unless specifically denied."

It further appears undisputed that the transaction did occur and when it occurred. Just what effect the "place" of its occurrence would have, in the circumstances, was not pointed out by appellant. There is no merit to this contention.

Appellant also contends that the court erred in dismissing his answer and cross-complaint or setoff since appellee failed to interpose a denial. The record reflects, as indicated, that appellant was served with summons on July 31, 1951, the day suit was filed, that he filed a demurrer on August 24th and an unverified answer containing a general denial and setoff September 24th, before the demurrer was acted upon by the court. On the date set for trial, October 3rd, thereafter, appellant failed to appear and offer any evidence in support of his alleged setoff, or credit of $200, claimed in his answer.

In these circumstances, the court, sitting as a jury, after hearing the evidence offered by appellee in support of the amount claimed, and absent any evidence that appellant was entitled to a setoff, and his failure to appear and prosecute his claim thereto, correctly dismissed appellant's answer and setoff (or cross-complaint) and entered judgment for appellee,—§ 29-401 and § 29-402, Ark. Stats. 1947.

Affirmed.