CAWOOD v. PIERCE.

5-2233                                   339 S. W. 2d 861

Opinion delivered November 14, 1960.

*Eugene Coffelt*, for appellant.

*J. T. McGill* and *Little & Enfield*, for appellee.

J. SEABORN HOLT, Associate Justice. This is a suit on an open account. The appellee, Earl Pierce d/b/a

Pierce Produce and Feed, filed a complaint alleging that a running account existed between it and the appellant, Lee Cawood, and that after all credits had been allowed, there remained a balance due of $2,763.14 which appellant had not paid although demand for payment had been made. An itemized and verified statement of the account was made an exhibit to and part of appellee's complaint. Appellant answered with a general denial only. He did not deny under oath the correctness of the account. In fact, he did not offer any testimony after appellee closed its case and rested, but he also rested his case. At this point, appellee asked for a directed verdict in its favor which the court granted. This appeal followed.

For reversal appellant contends: ''The court was in error in directing a verdict against appellant.'' We do not agree.

The record reflects that the only witness at the trial was the appellee's bookkeeper, Mrs. Evelyn Kelley, who testified as to the correctness of a verified account which was attached to the complaint and which was introduced in evidence as an exhibit to her testimony. As indicated, appellant did not offer any testimony at the trial but rested his case after appellee had closed its case. Arkansas Statutes (1947), § 28-202 [Crawford & Moses' Digest, § 4200] provides: ''Affidavit as to correctness of account —Sufficiency.—All accounts upon which suits may be brought in any of the courts of this state, the affidavit of the plaintiff, duly taken and certified according to law, that such account is just and correct, shall be sufficient to establish the same, unless the defendant shall, under oath, deny the correctness of the account, either in whole or in part; in which case, the plaintiff shall be held to prove such part of his account as is thus denied, by other evidence. [ * * * C. & M. Dig., § 4200; Pope's Dig., § 5211.]''

Here the appellant did not deny the verified account and did not deny its correctness by affidavit or by verified answer. We hold that appellee's proof made a *prima facie* case of the correctness of the account. We

said in *Clarke* v. *John Wanamaker,* 184 Ark. 73, 40 S. W. 2d 784: "* * * The effect of § 4200 of Crawford & Moses' Digest is to make a verified account, when undenied, *prima facie* proof of its correctness. The defendant did not deny the correctness of the account by affidavit or by verified answer. She did not offer any testimony whatever, but contented herself with demurring to the complaint. By virtue of the statute above quoted, the account verified by the affidavit of the agent of the plaintiff was evidence of its correctness, and, not having been attempted to be contradicted by the defendant, warranted a judgment in favor of the plaintiff. *Chicago Crayon Co.* v. *Choate,* 102 Ark. 603, 145 S. W. 197." See also *Terry* v. *Esso Standard Oil Co.,* 220 Ark. 694, 249 S. W. 2d 577 and *Walden* v. *Metzler,* 227 Ark. 782, 301 S. W. 2d 439.

Accordingly, the judgment is affirmed.