[No. 1172, January 13, 1908.]

GEORGE RICHARDSON ET AL, Partners as RICH-
ARDSON & CO., Plaintiffs in Error, v. R. H.
PIERCE, Formerly Engaged in Business as R. H.
PIERCE & CO., Defendant in Error.

SYLLABUS (BY THE COURT).

1. In the discretion of the court the declaration of a partner may be received, to become competent against himself, and the remaining partner, should a partnership relation become established later in the trial.

2. Under section 2931, Compiled Laws of 1897, a verified account attached to a complaint, was properly admitted in evidence to prove the debt, when the answer does not, under oath, deny its correctness, and it was not necessary to prove the account by the books of original entry.

3. There being substantial evidence in the record to sustain the findings of the court as to the existence of the partnership between Richardson and Cravens, this court will not disturb the judgment to that effect given by the Trial Court.

Error to the District Court for Otero County before E. A. MANN, Associate Justice.   Affirmed.

J. E. WHARTON, for Plaintiff in Error.

No separate denial of the verified account was necessary, because the account is made part of the complaint and as such is sufficiently denied, as it is denied by the answer denying sufficient knowledge or information to form a belief as to the correctness of the account and all its items.   Sub-sec. 40, Code of Civil Procedure; Chadwick v. Booth, 22 How. Pr. 23; Brown v. Rockman, 12 How. Pr. 313; Caswell v. Bushnell, 14 Bash. (Barb.) 393; Abbott's Pr. 13, 247; Hutchings v. Moore, 4 Met. Ky. 110.

Judgment was against preponderance of the evidence. Sec. 3031, Compiled Laws 1897.

BYRON SHERRY, for Defendant in Error.

What constitutes a partnership in contemplation of law, is a question of law for the court; whether a partnership exists in a particular case, will be for the judge or jury.  If the facts are established, the judge will declare their legal effect and will determine whether or not they show the existence of a partnership; if not, the conclusion will be for the jury under the instructions of the court. Thompson on Trials 1, sec. 1132.

Where the evidence reasonably tends to support the verdict of the jury or the finding of the Trial Court, the Appellate Court will not disturb such finding.   Crolot v. Maloy, 2 N. M. 198; Vasquez v. Spiegelberg, 1 N. M. 464; Waldo v. Beckwith, 1 N. M. 97; Archibeque v. Miera, 1 N. M. 160; Torlina v. Trolicht, 5 N. M. 148; idem, 6 N. M. 54; Medler v. Opera House, 6 N. M. 331; Field & Co. v. Romero, 7 N. M. 630; Cordova v. Korte, 7 N. M. 678; Green v. Brown & M. Co. 11 N. M. 658; Gale & Farr v. Salas, 11 N. M. 211; Hyde v. Bledsoe, 9 Kas. 273.

It is competent to prove an indebtedness outside and independent of books of account.

When the partnership has been otherwise proven, the declarations of one partner are evidence against the other, as to the conduct of the partnership business.

## OPINION OF THE COURT.

MILLS. C. J.—This is a suit brought by R. H. Pierce against George Richardson and J. C. Cravens, formerly partners doing business under the name of "Richardson & Co." The suit is based on a balance claimed to be due for goods and merchandise sold by Pierce to Richardson & Co., between September 9th, 1902, and February 20th, 1903, and the sum claimed to be due is $393.68, with interest from February 1st, 1904, at the rate of 6% per annum. Attached to the complaint and made a part thereof is an itemized copy of the account sued on. The Complaint is duly sworn to. A jury was waived and the cause was tried by the court, and on September 28th, 1905, a judgment was entered against the defendants for the sum of $436.31.

The transcript of record in this case is an imperfect one, as an examination of it discloses that it was filed in the office of the clerk of the Supreme Court on December 28th, 1906, while the certificate of the clerk of the District Court of Otero County, certifying to its correctness, is dated December 29th, 1906, and the certificate of the presiding judge of the Sixth Judicial District of this Territory is dated December 31st, 1906, which is after the transcript of record was filed in this court.

If a transcript is not certified to as correct by the proper persons, it should not be received and filed by the clerk of this court, and if it is inadvertently so received and filed, it will not be considered by this court, if objection is made thereto, for as it is not certified to as correct, there is no proof before us that it is a true record of the proceedings held before the Trial Court. We have held in a criminal case, Haynes et als. v. United States, 9 N. M. 519, that when a District Judge signs and seals a bill of exceptions at a later date than authorized by the statute, he exceeds his authority, and, on motion, the bill of exceptions will be stricken from the record, and this rule

would seem to apply to the case at bar, although the civil proceeding. More than the statutory time also elapsed between the taking out of the writ of error and the filing of the same in this court, but as no objcetion has been made by the defendant in error, we have concluded to consider the case on its merits.

1. The first error assigned by the plaintiff in error is that the court erred in permitting R. H. Pierce to testify that Richardson told him that Cravens was a member of the firm of "Richardson & Co.", Cravens not being present at the conversation.

In support of this proposition the plaintiff in error cites no authorities, but we incline to the opinion that if this was all of the evidence as to the partnership introduced at the trial, that the court would not have been justified in giving a judgment in favor of Pierce. But this is not the case, as Pierce testifies that prior to the beginning of this suit he had several conversations with the defendant Cravens, in relation to the claim against Richardson & Co. and that Cravens promised to pay it. That in one conversation in relation to the claim, Cravens stated, that he could not pay it then, but that he would be able to do so later on. That in a talk had in April or May, 1904, Cravens told him, that he was going to send him some money on account and that he afterwards did send him two hundred dollars, which was credited on the account. He also testified that at no time during these conversations did Cravens ever deny being a partner of the firm of Richardson & Co., Mr. Richardson, one of the partners comprising the firm of Richardson & Co., testified that Cravens was a member of that firm, and James Boone, also testified to the existence of the partnership, and that plaintiff in error admitted the existence of the indebtedness, and expressed the desire to settle it.

This evidence of Pierce, as to the statement made by Richardson as to Cravens being his partner, may have been admitted in evidence somewhat prematurely, but the learned judge who tried the case below no doubt admitted it under the rule that in the discretion of the court the declaration of a partner may be received as

against himself to become competent against the remaining partners should a partnership relation become established later in the trial. Jennings v. Estes, 16 Me. 323; Fogarty v. Jordan, 2 Rob. N. Y. 319.

It is true that plaintiff in error denied that he was a member of the firm of Richardson & Co., and introduced some evidence to corroborate his statement, but the Trial Court heard the witnesses testify, noted their manner on the stand, and was better able to weigh the evidence than we, who only read it. In accordance with the rule which we have frequently laid down, we will not disturb the judgment given by the Trial Court when there is substantial evidence in the record to sustain it. Green v. Browne & Manzanares Co., 11 N. M. 658, and cases cited, therein.

2. The second assignment of error is that the court committed error in admitting the verified account attached to the bill of complaint to prove the amount due.

We do not consider this point well taken, for the answer of the plaintiff in error is almost solely made up of the denial of the fact that he was a partner of the firm of Richardson & Co., at the time the debt was contracted. He nowhere directly denies the truth of the verified statement attached to the complaint. If he had done so then it might have been necessary to prove the truth of the account by the original books of entry. Pierce swears that the account is correct, and the only paragraph of the answer that in any way attacks its correctness is the fourth which reads: "This defendant says, in answer to the plaintiff's fourth paragraph of his said amended complaint, that he has not sufficient knowledge or information sufficient to form a belief as to whether or not the plaintiff sold and delivered to the said firm of Richardson and Company the goods, wares and merchandise, or any item of the same contained and set out in his itemized account marked 'Exhibit A', and made a part of his said amended complaint."

We submit this is not a denial under oath of the correctness of the verified account sued on, and while it would probably be good under the code practice as it ex-

ists in many of the states of the Union and in this Terri-
tory, still we have another statute in addition to the code,
to-wit: Section 2931 of the Compiled Laws of 1897, which
provides that, "accounts duly verified by the oath of the
party claiming the same, or his agent ............ shall
be sufficient evidence in any suit to enable the plaintiff
to recover judgment for the amount thereof, unless the
defendant, or his agent shall deny the same under oath."

The account is sworn to, and we do not think that the
mere statement of the defendant, although made undei
oath, "that he has not knowledge or information suffi-
cient to form a belief as to whether or not the plaintiff
sold and delivered to the said firm of Richardson & Co.,
the goods, wares and merchandise," is such a denial of the
verified account as is contemplated by our laws.

The very purpose of retaining section 2931, of the
Compiled Laws of 1897, which was passed some five years
before the enactment of our code of civil procedure, and
which sub-sec. 123, of Sec. 2685, (our code) recognizes
as still being in force, would seem to be to obviate the neces-
sity of the introduction of the books of original entry, often
a tedious proceeding, in the proving up of verified accounts
in the trial of cases, where the truth of such accounts is
not directly denied under oath. This view also seems
to us to be in accord with the dictates of common sense and
reason, for a litigant may often be willing to swear that
he had no knowledge or information sufficient to form a
belief of the correctness of an account, when he would not
be willing to deny under oath the truth of an account
sued on.

3. The third error assigned, is that the court erred
in permitting H. E. Chipman to testify that Richardson
told him that Cravens said it was all right for him, Rich-
ardson, to buy Chipman out, such testimony being admitted
to show the interest of Cravens in the firm of Richard-
son & Co., the same being hearsay and incompetent.

We have alrady referred to the declarations made by a
partner as to who composed the partnership in passing
on the first error assigned, and in disposing of this al-
leged error we will simply quote from the brief of the de-

Pierce v. Richardson.

fendant in error, which we think correctly states the law.

"Evidence had already been adduced showing the partnership between Richardson and Cravens, so that it was clearly competent to show what one of the partners said in relation to the partnership. Now, while it is true, that the declarations of one partner, not made in the presence of his co-partner, are not competent to prove the existence of the partnership, it is also true that when the partnership has been otherwise proved that the declarations of one partner are evidence against the other, as to the conduct of the partnership business. Defendant contends, that as the evidence of the witnesses Pierce, Richardson and Boone, which preceded the testimony of the witness, Chipman, proved the existence of the partnership of Richardson & Co., as alleged in the petition, then the testimony of Chipman, as to what one of the partners said to him in relation to the partnership, was competent."

4. The last error assigned, that the court erred in adjudging that a partnership existed between Richardson and Cravens at the time the account sued on was made.

There certainly is much evidence in the record to sustain the findings of the court as to the existence of the partnership between Richardson and Cravens, and such evidence being of a substantial nature this court will not disturb the judgment given by the Trial Court. Greene v. Browne and Manzanares Co., 11 N. M. 658, and cases cited therein.

There is no such error apparent in the record as would justify us in reversing this case, and the same is therefore affirmed, and, It Is So Ordered.

SYLLABUS (BY THE COURT).