413 P.2d 474

**Robert H. WAGNER, Plaintiff-Appellant,**

**v.**

**Doris D. HUNTON, Defendant-Appellee.**

**No. 7580.**

Supreme Court of New Mexico.

April 18, 1966.

Robert H. Wagner, Roswell, Smith, Kiker & Ransom, David H. Kelsey, Albuquerque, for appellant.

No appearance for appellee.

CARMODY, Chief Justice.

The trial court refused to enter a default judgment, and upon the failure of the plaintiff to offer evidence or demonstrate entitlement to judgment, the action was dismissed. This appeal followed and is submitted on appellant's brief only, as there is no appearance for the appellee and the brief in chief addressed to appellee was returned unclaimed.

Plaintiff, an attorney, brought suit for the balance due for attorney's fees claimed

to have been earned in the representation of the defendant and her husband in prior litigation. Defendant failed to answer and plaintiff obtained a certificate of default from the clerk. The court refused to sign the proposed judgment, but allowed plaintiff time to produce legal authority in support of his position, or to make a record. Plaintiff then filed what was entitled "Application for Entry of Default Judgment," incorporating therein the authorities for his contention that the entry of a default judgment was a mandatory ministerial function and not one involving a judicial function or judicial discretion. The matter was called up for hearing on the plaintiff's application, and no evidence whatsoever was offered, although the court three times invited the plaintiff to be sworn and to testify. This invitation was declined, presumably because the plaintiff relied upon his affidavit attached to the complaint as being sufficient evidence to support the proposed default judgment.

The sole ground urged for reversal is that, under the circumstances here, the trial court had no discretion and was required to grant a default judgment.

▉▉▉ Although in no sense agreeing that plaintiff's point is well taken, we decline to pass upon it, because the plaintiff failed to offer "evidence" to prove his case. Section 20–2–7, N.M.S.A.1953, upon which plaintiff relies, is merely a rule of

evidence, obviating the necessity of introducing books of original entry, Richardson v. Pierce, 1908, 14 N.M. 334, 93 P. 715; but the mentioned section does not relieve a party from producing evidence to support a judgment. In some ways, the situation here is comparable to that which is clearly contemplated under § 21–1–1(9) (k), N.M. S.A.1953. The affidavit was an instrument upon which the action was founded and could not be admitted "in evidence" unless attached to the complaint; but unless and until offered in evidence, it remained as it was—merely a part of the pleadings.

We also take note of the last sentence of § 21–1–1(55) (b), N.M.S.A.1953, authorizing the trial court to conduct such hearings as to "determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter * * * as it deems necessary * * *." And § 21–1–1 (55) (e), N.M.S.A.1953, is expressly determinative in that it provides, "No judgment by default shall be entered * * * where the damages claimed are unliquidated unless the claimant establishes his claim or right to relief by evidence satisfactory to the court." Here, quite obviously the damages were unliquidated, as the affidavit merely sets out a general description of the various acts allegedly performed by the plaintiff, followed by the total amount of attorney's fee together with offsets and credits thereto.

**196**

There having been no evidence before the trial court upon which a judgment could be based, there was no error in dismissing plaintiff's complaint.

The judgment will be affirmed. It is so ordered.

CHAVEZ and COMPTON, JJ., concur.