505 P.2d 1234

**ALEXANDER CONCRETE CO., Plaintiff-Appellee,**

v.

**WESTERN STATES MECHANICAL CONTRACTORS, INC., Defendant-Appellant.**

**No. 9534.**

Supreme Court of New Mexico.

Feb. 2, 1973.

Ahern, Montgomery & Albert, Albuquerque, for appellant.

Rowley, Hammond, Murphy & Rowley, Richard F. Rowley, II, George F. Lamb, Clovis, for appellee.

OPINION

MARTINEZ, Justice.

This suit was instituted by Alexander Concrete Company in the District Court of Curry County seeking judgment against Western States Mechanical Contractors, Inc., for the amount of $1,063.72 allegedly due the plaintiff for materials furnished by the plaintiff to the defendant, plus the sum of $354.57 as attorney's fees. Defendant stipulated that it owed the plaintiff the sum of $488.20, but denied owing any further sums to the plaintiff. Plaintiff, relying on Section 20-2-7, N.M.S.A., 1953 (Repl.Vol. 4, 1970), submitted into evidence the verified account which was attached to its complaint, and rested its case. The defendant then called Mr. Paul Lawrence, the president of the defendant corporation, to testify. Mr. Lawrence denied under oath that the defendant owed the plaintiff the sum as alleged by the plaintiff's complaint. At this point, the defend-

ant rested its case. On the basis of this evidence, the judge, sitting without a jury, gave judgment for the plaintiff in the amount of $1,063.72 plus $354.57 as attorney's fees. From this judgment, defendant appeals.

Appellant claims that the trial court erred in granting judgment for the plaintiff where the plaintiff relied solely on a verified account pursuant to Section 20–2–7, N.M.S.A., 1953, as amended, and the defendant denied the indebtedness under oath at the time of trial. Section 20–2–7, N.M.S.A., 1953, as amended provides as follows:

"20–2–7. Except as provided in the Uniform Commercial Code [50A–1–101 to 50A–9–507], accounts duly verified by the oath of the party claiming the same, or his agent, and promissory notes and other instruments in writing, not barred by law, are sufficient evidence in any suit to enable the plaintiff to recover judgment for the amount thereof, unless the defendant or his agent denies the same under oath."

The issue before this Court is whether such denial under oath may come at the time of trial, or whether it must be a part of the pleadings.

■ The purpose of Section 20–2–7, supra, was interpreted by this Court in Richardson v. Pierce, 14 N.M. 334, 339, 93 P. 715, 716 (1908), wherein it was stated:

"The very purpose of retaining [20–2–7] * * * would seem to be to obviate the necessity of the introduction of the books of original entry, often a tedious proceeding, in the proving up of verified accounts in the trial of cases, where the truth of such accounts is not directly denied under oath."

The purpose of this statute, as espoused in Richardson, and restated in Wagner v. Hunton, 76 N.M. 194, 413 P.2d 474 (1966) would be thwarted unless the denial of verified accounts was required prior to the time of trial. If we were to accept appellant's interpretation of the statute and allow denial under oath at trial after plaintiff has rested his case, then it would always be necessary to go through the entire proceeding of proving such accounts rather than eliminating such necessity, as intended.

■ For Section 20–2–7 to have any credence whatsoever, the denial under oath required in the statute must come before the time of trial, otherwise the purpose of the statute fails. Since the legislature did not specify the time or method of such denial, we must interpret the statute as to its reasonable intent. Accepting the purpose of this statute as that specified in Richardson and Wagner, supra, we can only hold that it was the intent of the legislature that the denial under oath must be in writing and must be filed as a part of the pleadings. If such is done, then the parties are free to prepare their cases accordingly.

This Court is aware that the Arkansas courts have interpreted a similar statute contra to our view just stated. See Ark. Stat.Ann. Section 28–202 (Rep.1962); Hales & Hunter Co. v. Wyatt, 239 Ark. 19, 386 S.W.2d 704 (1965); McWater v. Ebone, 234 Ark. 203, 350 S.W.2d 905 (1961); Cawood v. Pierce, 232 Ark. 721, 339 S.W.2d 861 (1960); and Chicago Crayon Co. v. Choate, 102 Ark. 603, 145 S.W. 197 (1912). We choose, however, to follow Mississippi and Texas wherein some verified writing is required denying the verified account prior to the time of trial. We also realize that the comparable statutes in these states are more specific in detailing what will constitute sufficient denial. See Section 1754 Miss.Code 1942 Ann., (1956); and Rule 185, Texas Rules of Civil Procedure, 1970.

For the above reasons stated we affirm the lower court and hold that the facts were at issue and the trial court, sitting without a jury, was bound to weigh the evidence presented and grant judgment accordingly. This was done; we affirm.

It is so ordered.

McMANUS, C. J., and OMAN, J., concur.