312 So.2d 384

**Forie B. McCAGHREN**

v.

**J. T. McCAGHREN et al.**

**SC 1064.**

Supreme Court of Alabama.

May 1, 1975.

Chenault & Chenault, Decatur, for appellant.

**90**

Coleman, Cauthen & Bibb, Decatur, for appellees J. T. McCaghren and Selma McCaghren.

BLOODWORTH, Justice.

This is an appeal by appellant-plaintiff Forie B. McCaghren, from a final decree of the Circuit Court of Morgan County in an action to set aside a deed. We affirm.

The conveyance sought to be set aside by appellant, Mrs. Forie B. McCaghren, was executed by her as part of a divorce settlement with her husband, the appellee, J. T. McCaghren.

The primary questions of fact at trial were these: (1) whether or not Forie McCaghren was able to read, and thus understand, that the instrument she signed was a deed; (2) whether or not the attorney who prepared the deed for the parties explained to her, and she fully understood, what she was signing; and, (3) whether or not she was induced to sign the deed on the promise that she could live on the deeded property the rest of her life.

The testimony on these issues was in sharp conflict. Some testimony tends to support Mrs. McCaghren's version of the facts. The whole of the testimony amply supports the trial court's conclusion that the execution of the deed was Forie McCaghren's voluntary act and not the result of any fraud.

An advisory jury empaneled by the trial court returned a verdict for the appellee, J. T. McCaghren. The trial judge, who saw and heard the witnesses testify, accepted the jury's verdict in rendering his final decree.

The final decree declares that the deed, conveying certain real estate to J. T. McCaghren, "was not induced by fraud, that it was executed and delivered by the said Forie McCaghren with full knowledge of its contents, and [that] it is a valid conveyance of all which it purports to convey [and that it was the] lawful conveyance of all rights, title and interest of all kinds" of Mrs. Forie McCaghren.

When the trial court accepts the findings of an advisory jury, appellate review is directed to the findings of the trial judge just as if the trial judge had heard the case unaided by the jury's advice. 9 Wright and Miller, Federal Practice and Procedure, § 2335.

We cannot substitute our judgment for that of the trial court as to the effect to be given conflicting oral testimony dealing with pivotal questions of fact. Johnson v. Godin, 279 Ala. 443, 186 So.2d 722 (1966).

Inasmuch as the judgment of the trial court is supported by the evidence, the judgment must be affirmed. In view thereof, we pretermit consideration of appellee's motion to dismiss and appellant's motion to strike the motion to dismiss.

Affirmed.

HEFLIN, C. J., and FAULKNER, ALMON, and EMBRY, JJ., concur.