551 P.2d 1354

**M. A. AMMERMAN, James D. Webb, Jim Golden and Jerry Landavazo, Plaintiffs-Appellees,**

v.

**HUBBARD BROADCASTING, INC., et al., Defendants-Appellants.**

No. 10937.

Supreme Court of New Mexico.

June 29, 1976.

Modrall, Sperling, Roehl, Harris & Sisk, Leland S. Sedberry, Albuquerque, for defendants-appellants.

Fred M. Calkins, Albuquerque, for Ammerman.

Marchiondo & Berry, Mary C. Walters, Albuquerque, for Webb & Golden.

Branch & Branch, Albuquerque, for Landavazo.

## OPINION

OMAN, Chief Justice.

These are five consolidated cases in which the plaintiffs seek recovery from defendants for alleged slanderous radio broadcasts, news reports or newscasts. The cases are before us on appeal by the defendants from an order of the district court by which defendants were ordered to disclose the names of all of their claimed confidential informants and to produce, by delivery or making available to plaintiffs, all information defendants claim to have received from their alleged informants, including documents and tapes.

The appeal from this order was taken pursuant to § 20-1-12.1, N.M.S.A.1953 (Supp.1975), which was adopted by our Legislature on March 10, 1973 and which became effective June 15, 1973. N.M. Const. art. 4, § 23; *Garcia v. J. C. Penney Co.*, 52 N.M. 410, 200 P.2d 372 (1948). The statute provides in pertinent part:

"A. Unless disclosure be essential to prevent injustice, no journalist or newscaster, or working associates of a journalist or newscaster, shall be required to disclose before any proceeding or authority, either:

"(1) the source of any published or unpublished information obtained in the gathering, receiving or processing of information for any medium of communication to the public; or

"(2) any unpublished information obtained or prepared in gathering, receiving or processing of information for any medium of communication to the public.

"B. For the purpose of this act:

"(1) 'proceeding or authority' includes any proceeding or investigation before, or by, any legislative, judicial, executive or administrative body or person;

"* * *

"C. If the proceeding in which disclosure is sought is in the district court, that court will determine whether disclosure is essential to prevent injustice. In

all other proceedings, application shall be made to the district court of the county in which the proceeding is being held for an order for disclosure. Disclosure shall, in no event, be ordered except upon written order of the district court stating the reasons why disclosure is essential to prevent injustice. Such an order is appealable to the Supreme Court if the appeal is docketed in that court within ten [10] days after its entry. The matter shall be considered as an extraordinary proceeding and shall be heard de novo and within twenty [20] days from date of docketing. The taking of an appeal shall operate to stay proceedings as to the prevention of injustice issue only in the district court."

The plaintiff filed a motion to dismiss the appeal upon the ground that § 20–1–12.1(C), supra, pursuant to which the appeal was taken, is unconstitutional. However, at the request of the court, the constitutionality of the purportedly created privilege, as well as that of the procedures to be followed in judicial proceedings before the district court and on appeal before this court, was presented to us by both sides in oral arguments and in a brief submitted by defendants.

The appeal was dismissed and we entered an order holding that the privilege, or prohibition against disclosure, which the Legislature created by Subsection A of the statute, may not be asserted or relied upon in a judicial proceeding, and the procedural matters set forth in Subsection C of the statute are also largely invalid. We announced that an opinion would follow, and it is pursuant to that announcement that the present opinion has been prepared and is being published.

■ The privilege which the Legislature created, insofar as it sought to protect a journalist or newscaster, or working associate of a journalist or newscaster, from disclosure in a judicial proceeding of information obtained in gathering, receiving or processing of information for any medium of communication to the public, did nothing more nor less than attempt to create a rule of evidence, comparable to the other privileges embraced within Rules 502 to 510 of the New Mexico Rules of Evidence [§§ 20–4–502 to –510, N.M.S.A.1953 (Supp.1975)]. These rules were adopted by order of this court entered April 26, 1973 and became effective July 1, 1973 as to all cases filed in the courts of New Mexico on or after that date. The rules were made applicable "to trials and proceedings in the courts of New Mexico," and we equate these with "judicial proceedings" as used in § 20–1–12.1, supra. Certainly the cases now before us were "judicial proceedings," since they were cases filed in the district court of New Mexico, and they were filed after July 1, 1973.

There can be no real question about rules of privilege being rules of evidence, when considered in the context of being exceptions to the general requirement and liability of everyone to give testimony or furnish evidence upon all facts inquired of in a court of justice. They are so considered by every authority about whom we know who has discussed such rules. See, e. g., 8 J. Wigmore, Evidence § 2285, at 527 (J. McNaughton rev. 1961); 3 S. Gard, Jones on Evidence, Civil and Criminal § 21:1, at 744 (6th ed. 1972); N.M.R. Evid. 501, supra; Rule 501 of Rules of Evidence for United States Courts and Magistrates, 28 U.S.C., app., Rule 501 (Supp. IV, 1974); Donnelly, The Law of Evidence: Privacy and Disclosure, 14 La. L.Rev. 361 (1953–54); Report of the Committee on Improvement of the Law of Evidence, American Bar Association, Section on Judicial Administration (1938); Carter, The Journalist, His Informant and Testimonial Privilege, 35 N.Y.U.L.Rev. 1111 (1960); Morgan, Rules of Evidence-Substantive or Procedural?, 10 Vand.L. Rev. 467 (1956–57); Annot., 7 A.L.R.3d 591 (1966); Model Code of Evidence rules 201–234 (1942); McCormick's Handbook of the Law of Evidence § 72, at 151 (2d ed. E. Cleary 1972). In fact, if we correctly

understand the brief of defendants and their argument, they recognize and concede that a testimonial priviledge in a judicial proceeding constitutes an evidentiary rule.

As stated by Professor Edmund M. Morgan in his excellent article, Rules of Evidence-Substantive or Procedural?, supra:

> "[The common law privileges] are nothing more or less than privileges to suppress the truth, and no officers of any department of government, other than the judiciary, have the constant opportunity to observe them in operation and the skill to determine how far and in what respects they interfere with the orderly and effective administration of justice.
>
> "* * *. It follows that such a provision [constitutional or statutory recognizing or conferring upon the courts the power of regulating procedure] should be interpreted as vesting in the courts the power to make rules of evidence, including those governing competency and privileges of witnesses and privileged communications."

10 Vand.L.Rev. at 483–84.

It is equally true that rules of evidence are procedural, in that they are a part of the judicial machinery administered by the courts for determining the facts upon which the substantive rights of the litigant rest and are resolved. Rules of evidence do no more than regulate the method of proceeding by which substantive rights and duties are determined. Pleading, pretrial, all rules of evidence (including rules of presumption and privilege) and other trial and post-trial mechanisms, designed to accomplish a just determination of rights and duties granted and imposed by the substantive law, are traditionally considered to be "adjective law" or "procedural law." See *McCarthy v. Arndstein*, 266 U.S. 34, 41, 45 S.Ct. 16, 17, 69 L.Ed. 158, 161 (1924); Clapp, Privilege Against Self-Incrimination, 10 Rutgers L.Rev. 541, 571 (1955–56).

We are aware that the line between substance and procedure is often elusive and that authorities, in endeavoring to follow this dichotomy in the rule-making process, are not always in accord. However, we are convinced that rules of evidence, by reason of the function they serve in the judicial process, are very largely, if not entirely, procedural. See 1 J. Wigmore, Evidence § 1(c), at 3 (3d ed. 1940); 1 S. Gard, Jones on Evidence, Civil and Criminal § 1:14, at 19 (6th ed. 1972); Clapp, supra; Morgan, supra. The very fact of adoption of the New Mexico Rules of Evidence, supra, by this court, is conclusive of its determination that at least these rules as adopted are procedural.

The next issue to be resolved is whether rules of procedure in judicial proceedings are matters for this court to fashion and adopt, or matters for the Legislature to adopt, or matters which may properly be adopted by either or both the Legislature and this court. In *State v. Roy*, 40 N.M. 397, 60 P.2d 646 (1936), 110 A.L.R. 1 (1937), we held that the power of this court to promulgate rules regulating pleading, practice and procedure for our district courts was a power vested in this court by N.M.Const. art. 6, § 3, in that this section of our Constitution grants this court "superintending control over all inferior courts." In furtherance of this holding and as to its extent, it was stated:

> "The powers essential to the functioning of courts, in the absence of the clearest language to the contrary in the constitution, are to be taken as committed solely to us to avoid a confusion in the methods of procedure and to provide uniform rules of pleading and practice."

40 N.M. at 421, 60 P.2d at 661.

In referring to a review of an exhaustive annotation in 51 L.R.A. 1, 111 (1901), relating to the power of "superintending control," or "supervisory control" as phrased in many constitutions, including our own, it was stated:

> "A review of all the cases therein enumerated clearly leads us to but one conclusion. It is this: That the power to

provide rules of pleading, practice, and procedure for the conduct of litigation in the district courts, as well as rules of appellate procedure, is lodged in this court by the Constitution of New Mexico.

"* * *.

"Being satisfied as we are that chapter 84 is not a grant of power, there is nothing violative of fundamental law or the Constitution in this, the highest judicial body in the state, to prescribe rules for an inferior judicial body."

40 N.M. at 422–23, 60 P.2d at 662.

It is true that this court in its opinion declined to hold that its power and right to promulgate rules of pleading, practice and procedure is an exclusive one over which the Legislature has no control. It was observed that at the time there was no conflict between any rule promulgated by the court and any law enacted by the Legislature, and that when such a conflict arose it would then be time to decide which is paramount in the rule-making field, the court or the Legislature.

In the later case of *State v. Arnold,* 51 N.M. 311, 183 P.2d 845 (1947), a conflict did arise. A statute provided:

"Within six months from the entry of any final judgment in any civil action, any party aggrieved may appeal therefrom to the supreme court of the State."

The applicable rule of this court provided:

"Within three months from the entry of any final judgment in any civil action, any party aggrieved may appeal therefrom to the Supreme Court."

In resolving the conflict, the court reaffirmed its rule-making power, but it is not certain whether it was relying on its constitutional power to do so, as was clearly enunciated in *State v. Roy,* supra, or upon a statutory authority. However, it was held in the *Arnold* case that the rule modified the statute and the time limitation for taking an appeal as provided in the rule prevailed over the time limitation provided in the statute. In the more recent case of *State ex rel. Anaya v. McBride,* 88 N.M. 244, 246, 539 P.2d 1006, 1008 (1975), we held:

"Our constitutional power under N.M. Const. art III, § 1 and art. VI, § 3 of superintending control over all inferior courts carries with it the inherent power to regulate all pleading, practice and procedure affecting the judicial branch of government. *State v. Roy,* 40 N.M. 397, 60 P.2d 646 (1936). See also *Alexander v. Delgado,* 84 N.M. 717, 507 P.2d 778 (1973); *Sitta v. Zinn,* 77 N.M. 146, 420 P.2d 131 (1966); *State v. Arnold,* 51 N.M. 311, 183 P.2d 845 (1947); *City of Roswell v. Holmes,* 44 N.M. 1, 96 P.2d 701 (1939); cf. *State v. Gunzelman,* 85 N.M. 295, 512 P.2d 55 (1973).

"Under the Constitution, the legislature lacks the power to prescribe by statute rules of practice and procedure, although it has in the past attempted to do so. Certainly statutes purporting to regulate practice and procedure in the courts cannot be made binding, for the constitutional power is vested exclusively in this court."

 We reaffirm this language from our opinion in *State ex rel. Anaya v. Mc-Bride,* supra, and observe that we are again confronted with a conflict between a statute and a rule of this court, to wit, § 20–1–12.1(A), supra, and Rule 501 of the New Mexico Rules of Evidence, supra. That rule provides:

*"Privileges recognized only as provided.*

"Except as otherwise required by constitution, and except as provided in these rules or in other rules adopted by the Supreme Court, no person has a privilege to:

"(1) Refuse to be a witness; or

"(2) Refuse to disclose any matter; or

"(3) Refuse to produce any object or writing; or

"(4) Prevent another from being a witness or disclosing any matter or producing any object or writing."

In view of our clear and unambiguous assertion in Rule 501 that no person has a privilege, except as provided by constitution or rule of this court—and no rule of this court grants a privilege to a journalist or newscaster—and in view of our equally plain and unambiguous assertion in our opinion in *State ex rel. Anaya v. McBride,* supra, that under our Constitution the Legislature lacks power to prescribe by statute rules of evidence and procedure, this constitutional power is vested exclusively in this court, and statutes purporting to regulate practice and procedure in the courts cannot be binding, we are able to reach no conclusion other than that the privilege purportedly created by § 20–1–12.1(A), supra, is constitutionally invalid and cannot be relied upon or enforced in judicial proceedings. We in no way suggest that the privilege may or may not properly be asserted in any proceeding or investigation before, or by any legislative, executive or administrative body or person. No question as to the validity of the privilege to refuse to disclose information or the source thereof in any proceeding or investigation before any such body or person is before us.

We now turn out attention to the provisions concerning procedures set forth in Subsection C of the statute, which is quoted above. In the case now before us, we are concerned only with a case initiated in a court in which the defendants sought to rely upon the privilege. Since we have held the privilege may not be relied upon or enforced upon such a proceeding, the district court procedures for determining whether disclosure is essential to prevent injustice in such a judicial proceeding are necessarily of no force or effect. However, we do not pass upon the validity of the procedures prescribed for making application to the district court for an order of disclosure directed to a ruling of a legislative, executive or administrative body or person. This question is not before us.

■ Unquestionably the Legislature has the power to determine in what district court cases, civil and criminal, this court shall exercise appellate jurisdiction, except that appellate jurisdiction in directly conferred on this court by our Constitution in those cases in which the district court has imposed a sentence of death or life imprisonment. N.M.Const. art. 6, § 2. However, the Legislature has no power to substitute a de novo hearing for an appeal from a judgment or order of the district court, and has no power to fix the time within which an appeal must be heard by this court.

■ Although the review provided for in Subsection C of the statute refers to the order of the district court as being "appealable" to this court, and it is provided that the "appeal shall operate to stay proceedings," it is also provided that the matter "shall be heard de novo and within twenty [20] days from date of docketing" in this court. A hearing "de novo" means a hearing anew, or all over again. *Southern Union Gas Company v. Taylor,* 82 N. M. 670, 486 P.2d 606 (1971). Such a hearing is totally inconsistent with our Rules of Appellate Procedure for Criminal Cases [§§ 41–23A–101 to –604, N.M.S.A.1953 (Supp.1975)], adopted by order dated June 24, 1975, which became effective September 1, 1975. It is also inconsistent with our Rules of Appellate Procedure for Civil Cases and Rules Governing Original Proceedings in the Supreme Court [§§ 21–12–1 to –32, N.M.S.A.1953 (Supp.1975)] which became effective April 1, 1974, and with all prior rules of this court governing appeals. See e. g., §§ 21–2–1(5) to –1(17), N.M.S.A.1953 (Repl.Vol. 4, 1970). In *New Mexico State Highway Department v. Bible,* 38 N.M. 372, 34 P.2d 295 (1934), we stated that an "appeal" involves a review of proceedings at a trial already had, not a new trial of the case, and is no part of the trial.

Obviously the defendants interpret Subsection C of the statute, as do we, that the Legislature intended that we should consider anew, or all over again, the matters considered by the district court in entering its order from which defendants took their appeal pursuant to said statute. They so stated in their arguments, sought subpoenas for witnesses, and, as we understand, were prepared to submit evidence upon the same issue considered and ruled upon by the trial court. Our Constitution gives us appellate jurisdiction, N.M.Const. art. 6, § 2, and also original jurisdiction and superintending control, N.M.Const. art. 6, § 3, but these powers do not include the power to review de novo the factual basis for the orders or judgments of district courts. The fact-finding process has always been left to the district courts. That is, factual issues are determined either by the trial jury or the trial court sitting without a jury. The weight and credibility of the evidence and of witnesses are left for the trier of the facts and are not subjects of review by this court. *Jontz v. Alderete,* 64 N.M. 163, 326 P.2d 95 (1958); *Crolot v. Maloy,* 2 N.M. 198 (1882); *Maisel v. Wholesome Dairy, Inc.,* 79 N.M. 310, 442 P.2d 800 (Ct.App.1968).

Our review of the evidence is only for the purpose of determining whether there was substantial evidence to support the trier of the facts. *Worthey v. Sedillo Title Guaranty, Inc.,* 85 N.M. 339, 512 P.2d 667 (1973); *Cooper v. Burrows,* 83 N.M. 555, 494 P.2d 968 (1972); *Fair v. Morrow,* 40 N.M. 11, 52 P.2d 612 (1935); *Garvin v. Gordon,* 36 N.M. 304, 14 P.2d 264 (1932).

The time within which this court must consider a matter before it is for this court to determine. This is purely a procedural matter and has always been so considered by the court. See *State ex rel. Anaya v. McBride,* supra; *State v. Roy,* supra; rules governing appellate procedures adopted by this court, supra. It would be utterly impossible for this court to live up to its responsibilities and to properly and expedi-

tiously handle the matters which come before it on appeal and otherwise, if the Legislature could determine and define the nature of the appellate process, establish the procedures to be followed in that process and fix time limitations within which this court must act.

It follows from what has been said that the order of this court dismissing the appeal was properly entered and should be affirmed.

IT IS SO ORDERED.

McMANUS, STEPHENSON, MONTOYA and SOSA, JJ., concur.