570 P.2d 918

**KEETH GAS COMPANY, INC., a New Mexico Corporation, and J. M. Keeth, Plaintiffs-Appellants and Cross-Appellees,**

v.

**JACKSON CREEK CATTLE COMPANY, Defendant-Appellee and Cross-Appellant.**

No. 11285.

Supreme Court of New Mexico.

Nov. 1, 1977.

Heidel, Samberson, Gallini & Williams, Jerry L. Williams, Lovington, for plaintiffs-appellants and cross-appellees.

Jones, Gallegos, Snead & Wertheim, Steven L. Tucker, Santa Fe, for defendant-appellee and cross-appellant.

## OPINION

McMANUS, Chief Justice.

On March 28, 1974, Keeth Gas Company (Keeth) filed a complaint in Lea County alleging that Jackson Creek Cattle Company (Jackson) failed to complete payment on an open account to be due and owing Keeth for the sale of Liquified Petroleum Gas (LPG) to Jackson. The amount claimed was $3,702.26 plus six per cent (6%) interest per annum as provided by law. Jackson denied the claim, asserting payment in full and later counter-claimed for an amount owed by Keeth to Jackson pursuant to an oral pipeline agreement. Jackson had allegedly agreed to install a pipe on its property to facilitate the sale of LPG to Keeth's customers and Keeth agreed to pay Jackson two cents ($.02) per gallon for gas which passed through the pipeline. Jackson also raised an issue regarding an alleged overpayment of the account during the trial.

The cause was forwarded to Chaves County and the issues were tried to an advisory jury at the direction of the trial court with the exception of the account issue. The court directed a verdict for Keeth on the open account in the sum of $3,702.26 plus interest. After trial the jury returned a verdict of $12,525.36 in favor of Jackson on the oral pipeline contract which the trial court later reduced to $10,210.28, and found that Jackson had not made an overpayment. Both parties appealed that portion of the court's decision adverse to their interests.

Keeth's first point of error alleges that the district court improperly used the advisory jury. N.M.R.Civ.P. 39(b) [§ 21–1–1(39)(b), N.M.S.A. 1953 Comp. (Repl.1970)] provides:

In all actions not triable of right by a jury the court upon motion or of its own initiative may try any issue with an advisory jury; or the court, with the consent of both parties, may order a trial with a jury whose verdict has the same effect as if trial by jury had been a matter of right.

It is within a trial court's discretion to impanel an advisory jury and such a decision is not reviewable absent a clear abuse of discretion. *Cox v. Babcock and Wilcox Co.,* 471 F.2d 13 (4th Cir. 1972). The court may accept or reject in whole or in part the advisory jury verdict because the responsibility for the final determination of all questions of fact and law remains with the trial court. *Burkhard v. Burkhard,* 175 F.2d 593 (10th Cir. 1948); *(American) Lumbermens Mut. Cas. Co. v. Timms & Howard,* 108 F.2d 497 (2d Cir. 1939). On appeal, review is directed to the decision of the trial court as if there had been no jury. *McCaghren v. McCaghren,* 294 Ala. 89, 312 So. 2d 384 (1975); *(American) Lumbermens Mut. Cas. Co. v. Timms & Howard, supra.*

It is not clear from the record whether the jury was a totally advisory jury impaneled under Rule 39(b), supra, or whether the judge impaneled the jury upon his own motion pursuant to N.M.R.Civ.P. 39(a) [§ 21–1–1(39)(a), N.M.S.A. 1953 Comp. (Repl.1970)]. The order granting the jury stated:

That, upon the Court's own Motion and upon the defendant's Motion and request, the above-captioned cause and all claims and issues asserted either now or in the future therein shall be tried to an advisory jury in Chaves County, New Mexico.

In an accompanying letter to counsel, the trial court pointed out that it was "entitling the jury 'an advisory jury,' inasmuch as part of the relief sought is equitable in nature." It appears that the jury functioned in both capacities, as a jury of right and as an advisory jury. Since the court made its own determination, accepting and rejecting in part the jury's findings and then entered its final decree, the court fulfilled all of its responsibilities and did not misuse the jury.

Keeth also maintains that the court erred in not making findings of fact and conclusions of law as required by N.M.R. Civ.P. 52(B)(a) [§ 21–1–1(52)(B)(a), N.M.

S.A. 1953 Comp. (Repl.1970)]. Since we have determined that the jury was not solely advisory, Rule 52(B)(a) is inapplicable. It is obvious that the trial court has great discretion in the matter of trial by jury; it ordered the jury; one was impaneled and its verdict received. Under the circumstances there was no need to make findings of fact and conclusions of law, this being within the sole discretion of the trial court.

Keeth's second point of error challenges the jury verdict awarding Jackson $.02 a gallon on the oral pipeline contract. Keeth contends that there was no enforceable oral contract because (1) there was inadequate consideration; (2) there was no acceptance of the offer and (3) the price which is an essential element of the contract, was not agreed upon. It is our opinion that there is substantial evidence to support the jury's finding of a valid contract supported by consideration.

It is undisputed that Jackson requested Keeth to make an offer reducing the price of gas in exchange for Jackson's construction of a pipeline. Keeth did make such an offer. Jackson delayed giving a positive response at that time stating that the tenants on the property would have to be consulted. Keeth alleges that Jackson never accepted the offer. We disagree.

An oral or formal acceptance of an offer is not necessary. The general rule is that an offer may be accepted by performance before a revocation. *United Concrete Pipe Corp. v. Spin-Line Co.*, 430 S.W.2d 360 (Tex.Sup.1968); *Mott v. Jackson*, 172 Ala. 448, 55 So. 528 (1911); 1 Williston on Contracts § 78A (3rd ed. 1957). Since Keeth used the pipeline and accepted the benefit of Jackson's performance, an enforceable contract was formed to which Keeth was bound. *Fine v. Property Damage Appraisers, Inc.*, 393 F.Supp. 1304 (E.D. La.1975).

Keeth also contends that no price was agreed upon and that this is an essential element of the contract. There is evidence in the record to show that the price was discussed. The meaning of a contract is to be determined with reference to the intention of the parties at the time the contract was made. *State ex rel. Santa Fe Sand & G. Co. v. Pecos Const. Co.*, 86 N.M. 58, 519 P.2d 294 (1974). This is an issue of fact for the jury's determination and the record supports the finding that Keeth offered to pay Jackson $.02 a gallon for the use of the pipe.

In the third point of error Keeth asserts that the contract violates the statute of frauds. This point is not well taken. It is obvious that the statute of frauds does not apply inasmuch as the contract could have been completed within one year. *Reinhart v. Rauscher Pierce Securities Corp.*, 83 N.M. 194, 490 P.2d 240 (Ct.App.1971).

Keeth challenges both the jury verdict and the trial court's assessment of damages as not being supported by the record. Although there was conflicting testimony on the actual gallonage which passed through the pipeline, there was substantial evidence to support the verdict. The court reduced the jury's verdict when it determined that the damages should have been computed only until June 19, 1973 when Jackson sold the property. We will not disturb a finding supported by the evidence on appeal.

The trial court's award of interest from the date of termination was within its discretion. *Butler v. Scott*, 417 F.2d 471 (10th Cir. 1969); *O'Meara v. Commercial Insurance Company*, 71 N.M. 145, 376 P.2d 486 (1962). There was no abuse of discretion in the award of the interest.

We do not consider Keeth's challenged point VI since the court and the jury ruled in its favor.

Jackson counter-claims and asserts that the trial court erred in directing a verdict for Keeth on the open account. Section 20–2–7, N.M.S.A. 1953 Comp. (Repl. 1970) states:

Verified accounts—Instruments in writing—Denial under oath.—Except as provided in the Uniform Commercial Code [50A–1–101 to 50A–9–507], accounts duly verified by the oath of the party claiming the same, or his agent, and

promissory notes and other instruments in writing, not barred by law, are sufficient evidence in any suit to enable the plaintiff to recover judgment for the amount thereof, unless the defendant or his agent denies the same under oath. There was no denial of the account under oath before the trial; therefore, the directed verdict was proper. *Alexander Concrete Co. v. Western St. Mech. Con., Inc.,* 84 N.M. 558, 505 P.2d 1234 (1973).

Jackson also challenged the constitutionality of § 20–2–7, as being a rule of evidence and outside the purview of the Legislature's power. This point was not raised before the trial court and will not be considered upon review. *In re Reilly's Estate,* 63 N.M. 352, 319 P.2d 1069 (1957); N.M.R. Sup.Ct. 20(1) [§ 21–2–1(20)(1), N.M.S.A. 1953 Comp. (Repl.1970)]. It also does not fall within the specified exception to this rule. *DesGeorges v. Grainger,* 76 N.M. 52, 412 P.2d 6 (1966).

▮ Jackson's second point of error raises the question of whether the trial court properly reduced the damages by not permitting recovery of damages for gas flowing through the pipeline after June 19, 1973. The testimony showed that Jackson entered into a contract of sale for the ranch on that date. Jackson's sale of the ranch is inconsistent with its position that the contract remained in effect since there was no evidence that it retained any interest in the pipeline after the sale. By divesting itself of the property which was the subject matter of the contract, Jackson evidenced its abandonment of the contract. *Warren v. Stoddart,* 105 U.S. 224, 26 L.Ed. 1117 (1881). A contract will be treated as abandoned where the acts of one party inconsistent with its existence are acquiesced in by the other party. *H.T.C. Corporation v. Olds,* 486 P.2d 463 (Colo.App.1971). Where there is a dispute over whether an abandonment has occurred, it is usually a question of fact to be determined from the particular circumstances. *Timpanogos Highlands, Inc. v. Harper,* 544 P.2d 481 (Utah 1975). The trial court acted properly by denying damages after the ranch was sold on June 19, 1973.

▮ The trial court also assessed $1500 in attorney fees to which Jackson objects as excessive. Attorney fees may be allowed in the court's discretion in a civil action on an open account. Section 18–1–37, N.M.S.A. 1953 Comp. (Repl.1970). There are many factors to be considered in awarding attorney fees. *See Tome Land and Improvement Co., Inc. (NSL) v. Silva,* 86 N.M. 87, 519 P.2d 1024 (1973); *Williams v. Dockwiller,* 19 N.M. 623, 145 P. 475 (1914). The award of attorney fees is discretionary and will not be disturbed absent an abuse of discretion. *Gallegos v. Duke City Lumber Co., Inc.,* 87 N.M. 404, 534 P.2d 1116 (Ct.App.1975). There was no abuse of discretion.

▮ Jackson also challenges the court's denial of its attorney fees. Jackson contends that the oral pipeline contract created an open account. In *Gentry v. Gentry,* 59 N.M. 395, 285 P.2d 503 (1955) an open account was defined as an account concerning a connected series of debit and credit entries of reciprocal charges and allowances. In the instant case, there were no debit and credit allowances. A set price was to be paid on the number of gallons of gas passing through the pipeline. This is clearly an action on a contract not on an open account. Since there is no statutory provision for recovery of attorney fees in contract actions, the court properly denied Jackson's motion for attorney fees.

Therefore, we affirm the decision of the District Court of Chaves County. Each party is to bear its own cost for this appeal.

IT IS SO ORDERED.

SOSA and FEDERICI, JJ., concur.