638 P.2d 1075

**Anthony MAESTAS, Petitioner,**

v.

**Hon. Frank H. ALLEN, Jr., District Judge, Respondent.**

No. 13899.

Supreme Court of New Mexico.

Jan. 4, 1982.

Charles W. Rawson, Albuquerque, for petitioner.

Jeff Bingaman, Atty. Gen., Betty A. Camunez, Asst. Atty. Gen., Albuquerque, for respondent.

OPINION

RIORDAN, Justice.

The State of New Mexico ex rel. Department of Human Services (State), the real party in interest, brought suit seeking to have Anthony Maestas (Maestas) determined to be the natural father of Mario Sanchez, to recover for state expenditures made on his behalf and for future support.

The State submitted interrogatories to Maestas to assist them in establishing paternity. Upon Maestas' application, this Court granted an alternative writ of prohibition to prevent the trial judge from requiring Maestas to answer the interrogatories. We now quash the writ as being improvidently granted.

Maestas relies on Section 40–5–11, N.M. S.A. 1978, which reads:

Both the mother and the alleged father shall be competent, *but not compellable*, to give evidence [as to illegitimacy and support,] and if either gives evidence, he or she shall be subject to cross-examination. [Emphasis added.]

The question before the Court is whether or not this statute creates an evidentiary privilege and if so, whether or not it is valid in light of our opinion in *Ammerman v. Hubbard Broadcasting, Inc.*, 89 N.M. 307, 551 P.2d 1354 (1976), *cert. denied*, 436 U.S. 906, 98 S.Ct. 2237, 56 L.Ed.2d 404 (1978); in which we said:

There can be no real question about rules of privilege being rules of evidence, when considered in the context of being exceptions to the general requirement and liability of everyone to give testimony or furnish evidence upon all facts inquired of in a court of justice. They are so considered by every authority about whom we know who has discussed such rules.

*Id.* 89 N.M. at 309, 551 P.2d at 1356.

■ It is also true that rules of evidence are procedural. *Id.* The powers over practice and procedure are vested in this Court by Article VI, Sections 2 and 3 of the New Mexico Constitution. *State v. Roy*, 40 N.M. 397, 60 P.2d 646 (1936). Any conflict between our rules and statutes that relate to procedure must be resolved in favor of the rules. *State v. Arnold*, 51 N.M. 311, 183 P.2d 845 (1947).

■ If the statute is an attempt by the legislature to create an evidentiary privilege, the statute must fall because it is in conflict with New Mexico's Rules of Evidence. New Mexico's Rule of Evidence 501, N.M.S.A. 1978, states:

Except as otherwise required by constitution, and except as provided in these rules or in other rules adopted by the supreme court, no person has a privilege to:

(1) refuse to be a witness; or

(2) refuse to disclose any matter;

. . . .

The only other explanation for Section 40–5–11 is that the legislature was merely attempting to restate the constitutional privilege against self-incrimination. We, of course, recognize constitutional privileges that are not specifically mentioned in the Rules of Evidence. *See State Ex Rel. Atty. Gen. v. First Judicial*, 96 N.M. 254, 629 P.2d 330 (1981). If this was the intent of the legislature, it was mistaken because there is no criminal liability that a non-spouse faces for failure to support unless he has been established to be the parent and he violates a court order. § 40–5–21, N.M.S.A. 1978. Our research discloses only two statutes on the subject of criminal sanctions for failure to support which could be applicable. Section 40–5–20, N.M.S.A. 1978, states:

The failure of either *spouse*, without lawful excuse, to support the child where parentage has been judicially established, or has been acknowledged in writing or by the part performance of parental obligations, is punishable by fine . . . or by imprisonment . . . or by both . . . . Proof of the omission by either parent to furnish [the necessities] . . . for his child is prima facie evidence of failure to support . . . . [Emphasis added.]

The question that arises on interpretation is whether the word "spouse" includes one alleged to be a parent. We hold that it does not. The logical definition of a spouse is a married person or a person joined in wedlock. *See* Black's Law Dictionary 1258 (5th ed. 1979).

The second statute that defendant argues could subject him to criminal liability if he is forced to answer the interrogatories, is Section 40–5–21, which states:

The failure, without lawful excuse, of a parent to comply with and carry out a *judgment* for the support of the child . . . is punishable by a fine· . . . or by imprisonment . . . or by both such fine and imprisonment, at the discretion of the court. [Emphasis added.]

There can be no question that this is a criminal sanction. *Rainbo Baking Co. of Albuquerque, Inc. v. Apodaca*, 88 N.M. 501, 504, 542 P.2d 1191, 1194 (Ct.App.), *cert.*

**232**

*denied*, 89 N.M. 6, 546 P.2d 71 (1975), stated that: "The Fifth Amendment . . . privileges a defendant not to answer questions put to him in any proceeding, civil or criminal, formal or informal, where the answers might tend to incriminate him in future criminal proceedings."

We must determine whether compelling the petitioner to answer the interrogatories, assuming the answers prove paternity, is compelling testimony in violation of petitioner's right against self-incrimination because they may subject him to criminal sanctions in the future. Before the petitioner could be prosecuted under Section 40–5–21, a judgment must have been entered against him. Maestas cannot be prosecuted criminally for non-support prior to the judgment.

However, if he is determined to be the father and does not comply with a future order of support, he can be prosecuted for violation of Section 40–5–21. The issue in that proceeding is not whether he is the father, but whether he complied with the court order for support. We hold that compelling petitioner to answer interrogatories that may establish paternity is not protected by the petitioner's privilege against self-incrimination under the facts of this case. The possibility that he would refuse to support his child after a determination of paternity and be prosecuted for non-payment is not a sufficient ground for his claim of privilege.

Finally, we wish to commend petitioner's attorney for his excellent work on this pro bono representation. It is encouraging to be reminded that our New Mexico lawyers are willing to provide legal representation at no cost to persons who are unable to retain counsel.

The alternative writ of prohibition is quashed as being improvidently granted.

IT IS SO ORDERED.

SOSA, Senior Justice, and FEDERICI, J., concur.