692 P.2d 1319

**MILLER & ASSOCIATES, LTD.,**
Plaintiff-Appellee,

v.

**Ralph RAINWATER and Jacqueline L. Rainwater, his wife,**
Defendants-Appellants.

No. 15246.

Supreme Court of New Mexico.

Jan. 3, 1985.

Hartley B. Wess, Miller & Wess, Ltd., Albuquerque, for plaintiff-appellee.

Frank P. Dickson, Robert W. Botts, Albuquerque, for defendants-appellants.

## OPINION

WALTERS, Justice.

The earlier decision issued in this matter is withdrawn.

Plaintiff Miller & Associates, Ltd. (Miller) brought this action to recover attorney's fees from defendants. On the first of the two causes of action, the trial court directed a verdict against defendants for $70,328.60, the full amount of the open account alleged by Miller in the verified complaint. Defendants appeal that ruling.

In April, 1981, Miller filed a verified complaint for debt and money due, incorporating by reference a statement of account. In an answer which was not signed under oath, defendants admitted that they owed Miller a reasonable fee, but denied that $70,328.60 was reasonable. In directing the verdict against defendants, the trial court concluded that the account was a duly verified open account within the meaning of NMSA 1978, Section 38–7–1, and since defendants did not deny the account under oath in a writing filed as part of the pleadings prior to trial, the court was obliged to direct a verdict in plaintiff's favor.

On appeal, defendants claim that Section 38–7–1 is inapplicable to the type of account sued for in this action; that the account was not properly verified; and that, in any case, Section 38–7–1 unconstitutionally infringes on the exclusive authority of this court over procedural matters.

Section 38–7–1 provides:

Except as provided in the Uniform Commercial Code [55–1–101 to 55–9–507 NMSA 1978], accounts duly verified by the oath of the party claiming the same, or his agent, and promissory notes and other instruments in writing, not barred by law, are sufficient evidence in any suit to enable the plaintiff to recover judgment for the account thereof, unless the defendant or his agent denies the same under oath.

It was held in *Alexander Concrete Co. v. Western States Mechanical Contractors*, 84 N.M. 558, 505 P.2d 1234 (1973), that the statute requires that denial of the account alleged must be under oath, in writing, and filed as a part of the pleadings before trial. In the early case of *Richardson v. Pierce*, 14 N.M. 334, 339, 93 P. 715, 716 (1908), this court noted that "a litigant may often be willing to swear that he had no knowledge or information sufficient to form a belief of the correctness of an account, when he would not be willing to deny under oath the truth of an account sued on."

In light of our more recent rules of civil procedure and of evidence, we hold that Section 38–7–1 no longer enjoys constitutional validity. *See Prieto v. Home Educ. Livelihood Program*, 94 N.M. 738, 616 P.2d 1123 (Ct.App.1980). The purpose of the statute "would seem to be to obviate the necessity of the introduction of the books of original entry, often a tedious proceeding, in the proving up of verified accounts * * * where the truth of such accounts is not directly denied under oath." *Richardson v. Pierce*, at 339, 93 P. at 716. Our present rules of evidence make provision for admission of business records or summaries thereof, thus facilitating introduction the kind of evidence to which the statute was addressed when enacted. *See, e.g.*, NMSA 1978, Evid.R. 803(6) and 1006 (Repl.Pamp.1983).

In *Wagner v. Hutton*, 76 N.M. 194, 413 P.2d 474 (1966), we said that Section 38–7–1 was "merely a rule of evidence." Such rules are procedural, and the New Mexico Constitution reposes the inherent power to regulate all pleading, practice and

procedure affecting the judicial branch exclusively in the Supreme Court. *Maestas v. Allen,* 97 N.M. 230, 638 P.2d 1075 (1982); *Ammerman v. Hubbard Broadcasting, Inc.,* 89 N.M. 307, 551 P.2d 1354 (1976), *cert. denied,* 436 U.S. 906, 98 S.Ct. 2237, 56 L.Ed.2d 404 (1978). "[T]he legislature lacks the power to prescribe by statute rules of practice and procedure * * * * for the constitutional power [to do so] is vested exclusively in this Court." *State ex rel. Anaya v. McBride,* 88 N.M. 244, 246, 539 P.2d 1006, 1008 (1975). Consequently, Section 38–7–1 does not withstand constitutional analysis.

However, citing *Keeth Gas Co. v. Jackson Creek Cattle Co.,* 91 N.M. 87, 570 P.2d 918 (1977), Miller argues that we are foreclosed from reviewing the constitutionality issue on appeal because the defendants failed to raise that question before filing an amended motion for a new trial. In *Keeth,* the Court wrote simply and without further detail that the defendant's constitutional challenge to the verified account statute "was not raised before the trial court and will not be considered upon review * * * [and] also does not fall within the specified exception to this rule. *DesGeorges v. Grainger,* 76 N.M. 52, 412 P.2d 6 (1966)." 91 N.M. at 91, 570 P.2d at 922 (citations omitted).

■ Plaintiff's argument overlooks the fact that defendants did place the issue before the trial court here in a motion for new trial, thus affording the court the opportunity to reconsider the issue and to amend the final judgment. *See* NMSA 1978, Civ.P.R. 59 (Repl.Pamp.1980) (on a motion for new trial, the court may reopen the judgment, take additional testimony, amend findings and conclusions, or make new findings and conclusions and direct the entry of a new judgment). *See also Martinez v. Martinez,* 678 P.2d 1163 (1984) (respondent's failure to request a specific conclusion of law on attorney fees prior to a letter decision was not fatal to appeal on the fee issue where respondent moved the court to reconsider its decision). As we said in *N.H. Ranch Co. v. Gann,* 42 N.M.

530, 541, 82 P.2d 632, 639 (1938), "justice has been done if the party complaining has in some manner called the attention of the trial court to the claimed error."

We hold Section 38–7–1 unconstitutional and expressly overrule all prior cases to the contrary. We therefore reverse and remand the matter to the trial court, directing that the judgment on Count I be set aside and that matter reinstated for trial.

IT IS SO ORDERED.

SOSA, Senior Justice, and STOWERS, J., concur.